MATILDA LEAVERTON *vs.* ANTON J. ALBERT.

*Equity; injunction; to stay a judgment.*

The same facts upon which a party bases a motion, before a court of law, to strike out a judgment, can not serve as the basis of an application for an injunction to stay the prosecution of the judgment, when the court of law had the right to hear and decide on the motion.          pp. 255, 256

It is of interest to the State that there should be an end of litigation.                              p. 256

*Decided June 23rd, 1911.*

Appeal from the Circuit Court of Baltimore City (NILES, J.).

The cause was argued before BOYD, C. J., PEARCE, BURKE, UPNER and STOCKBRIDGE, JJ.

*Robert H. Simpson* and *Edwin Higgins,* for the appellant.

*S. S. Field,* for the appellee.

BURKE, J., delivered the opinion of the Court.

On the 6th of January, 1910, a judgment by confession for the sum of nine hundred and sixteen dollars and sixty-

eight cents, with interest from that date and costs, with a stay of execution until August 15th, 1910, was entered in the Superior Court of Baltimore City against the appellant in favor of the appellee. On August 12th, 1910, three days before the expiration of the stay, the appellee filed a motion to strike out the judgment. On the day the motion was filed a writ of *fieri facias* was issued upon the judgment, but subsequently, upon petition, the Court passed an order restraining execution. On November 5th, 1910, after hearing testimony upon the motion, the motion was overruled by the Court. It is important on this appeal to understand the precise reasons upon which the appellant relied in support of the motion to strike out the judgment. These are set forth in the petition which she filed in the Court below, which is as follows:

"1. That on or about the 6th day of January, 1910, the defendant herein signed a note representing the sum of $916.68, and on the same date a judgment by confession was duly recorded in favor of Anton J. Albert, the plaintiff herein, for $916.68.

2. That the defendant alleges and avers that she is not indebted and never was indebted to the said Anton J. Albert in the sum of $916.68 with accrued interest thereon amounting to $34.38, or any other sum of money; that said Anton J. Albert never gave any adequate consideration or good or valuable consideration for said note; that the said Matilda Leaverton never received any consideration whatsoever for said note; but that the said Anton J. Albert took advantage of the youth and inexperience of the said Matilda Leaverton, who has just passed the age of maturity, whereby he obtained said note and confessed judgment, which this Honorable Court should strike out and set aside.

3. That said note and confessed judgment aforesaid were wrongfully and fraudulently obtained, and that knowledge of the fraudulent circumstances, the purposes and transactions of the said Anton J. Albert in the premises have quite recently come to the notice of the said Matilda Leaverton, so much so, that the said transaction was found to be fraudulent and is con-

trary to equity and good conscience, and that the said Anton' J. Albert should be required to render an account of his transactions with the said Matilda Leaverton, who should also be granted a hearing in órder that this Honorable Court may ascertain how he obtained the aforesaid judgment by confession, because the said Matilda Leaverton is not *bona fide* and justly indebted to the said Anton J. Albert; that she was given no money or other consideration by Anton J. Albert for said note, because the said Matilda Leaverton is not indebted to the said Anton J. Albert in the sum of $916.68 with $34.38 accrued interest thereon, or any part thereof.

Because the said note was procured by fraud and duress.

Because the said judgment by confession was procured by fraud, deceit, duress and irregularity.

Because the said Anton J. Albert refuses and declines to render an account showing the method and procedure whereby he obtained the confessed judgment aforesaid.

Because said confessed judgment was not the free and voluntary act of the said Matilda Leaverton."

On November 10th, 1910, the appellee filed a bill in the Circuit Court of Baltimore City, in which she prayed: (1) That the appellant may be required to answer the bill under oath; (2) that the judgment be vacated and declared void; (3) that the appellant, his attorney and agents, be enjoined from further proceedings in the matter of the judgment until the final adjudication of the cause, and for other and further relief.

The grounds upon which the appellant relied for the relief prayed for are subsequently the same as those set up in the motion to strike out the judgment, except in two particulars. The additional reasons appear in the sixth and seventh paragraphs of the bill as follows:

"Sixth. That in making up the amount of said claim in the alleged judgment by confession there were large sums of usurious interest charged, which fact has been quite recently brought to the knowledge of your Oratrix.

Seventh. That your Oratrix is informed and she avers that the actual amount of indebtedness by her mother to said defend-

ant upon which said judgment is based is, to wit, about $360.00, instead of the sum of $916.68 with interest thereon, which said sum of $360.00 your Oratrix is prepared to pay."

A preliminary injunction was issued upon the bill. The defendant answered denying all the material averments of the bill, and moved for a dissolution of the injunction. The testimony upon this motion was taken in open Court before JUDGE NILES, who dissolved the injunction, and held that upon the evidence contained in this record, "that the plaintiffs have had their day in Court. The whole case which is made on their behalf before me was made, or might have been made when the same parties asked JUDGE HARLAN in the Superior Court in the exercise of the *quasi* equitable jurisdiction of that Court to strike out the judgment." This appeal was taken from the order dissolving the injunction.

The record shows that the same testimony and none other was given in support of the allegations of the bill in this case as was given in support of the motion to strike out the judgment, which the plaintiff in these proceedings seeks to have vacated and set aside.

Except as to the question of usury which the bill charges, there can be no possible doubt as to the jurisdiction of the Court upon the motion to strike out the judgment. That Court had the undoubted right to hear and determine every question presented on this record, except perhaps the question of usury; and there seems to be no doubt that JUDGE HARLAN did hear and determine on that motion *all the questions* presented by this appeal, and having determined these questions adversely to the appellant she can not retry in this suit any question which the Court upon the motion had jurisdiction to decide. In *Telford* v. *Brinkerhoff, et al.,* 163 Ill. 439, the Court said: "A bill in equity to stay proceedings at law after judgment is always examined with jealous scrutiny. The general rule is that no relief will be granted where the matter upon which the claim to relief is founded was litigated

in the original action. Accordingly, where a party moves for a new trial, and fails, he can not then, upon the same facts, apply to the same judge for an injunction, and re-try his case in equity; nor will a Court of Equity, as a rule, set aside a judgment because it is founded on perjured evidence. 1 *High Inj.* (3rd Ed.) 113; *Hayes, New Trials and App.* 340; *Collins* v. *Butler,* 14 Cal. 226; *U. S.* v. *Throckmorton,* 98 U. S. 61. "A judgment will not be enjoined upon grounds which had been relied upon on a motion for a new trial, and which had on such motion been held insufficient." 1 *High Inj.* (3rd Ed.) section 115; *Matson* v. *Field,* 10 Mo. 100. When Courts of law and equity have concurrent jurisdiction over a question, and such question is decided at law, equity will not re-examine it." *Wabash R. R. Co.* v. *Minnieless,* 182 Mo. 126; *Marney* v. *Md. Steel Co.,* 91 Md. 360.

It is said in *Whitehurst* v. *Rogers,* 38 Md. 503, that the plea of *re adjudicata* is founded upon the maxim "that it is the interest of the State that there should be an end of litigation," and that "no man should be twice sued for the same cause," and it was further said that "however numerous the questions involved in a suit, if they are tried and decided the renewal of litigation for any one of the same causes violates these cardinal principles of public policy as much as if the suit presented but one single issue."

The appellant having submitted all the questions involved in this appeal under the motion to strike out the judgment, she is concluded by the decision on all questions which the Court hearing the motion had the right to decide, and she can not re-try any of those questions in this suit.

We have carefully examined the evidence contained in the record, and, assuming without so deciding, that the Court had no jurisdiction upon the motion to strike out the judgment on the ground of usury, we find no sufficient evidence to justify us to disturb the judgment on that ground. What the real state of the account between the appellees and Elizabeth Gerock, the motion of the appellant, was it is diffi-

cult to say.   The transactions between them which culminate in this judgment were evidently confused and complicated, but there is no evidence that would warrant the Court to disturb the judgment on the ground of usury.   The order appealed from will be affirmed.

*Order affirmed, with costs.*