COMMERCIAL SAVINGS BANK, INC., *v.* ABRAHAM QUALL ET AL.

[No. 44, April Term, 1928.]

*Decided June 21st, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Daniel Ellison* and *William Cohen,* for the appellant.

*M. Albert Levinson,* with whom was *Robert F. Leach, Jr.,* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

The appeal is by a defendant from the overruling of a demurrer to a bill in equity, to restrain execution on a judgment by confession at law, after a motion in the court of law to set aside the judgment had been granted upon condition that the judgment debtors file a bond in the penal sum of $1,500. The bill alleges that the judgment was entered upon a note of the present appellees which was the culmination of a series of notes covering loans; that unlawful, usurious exactions by the creditor were included in the amount of the note, and that the amount justly due had been paid and overpaid; but that, under an authority contained in the last note, a judgment by confession had been entered in the Superior Court of Baltimore City, and executions were threatened. A petition or motion to set aside the judgment, it is alleged, had been filed in the Superior Court, but that

court had refused to set the judgment aside unless the bond should be filed as stated; and the judgment debtors, complainants in equity, were not able to give that bond. The bill also prayed an accounting and further relief.

The inability to give the bond, and hope of relief from the condition that it be given, appear to be the sole reasons for resorting to the court of equity. Subject to that condition all the relief the complainants have to ask for has been granted them at law. While it is stated in the bill that relief was refused except upon the filing of the bond, it is clear that upon compliance with that condition the judgment will at least be opened for a trial upon the merits of the defences advanced. The proceedings at law are not exhibited in this case.

In thus striking out or opening a judgment, a court of law exercises a *quasi* equitable jurisdiction, and it has power to surround the relief with precautionary conditions. And there is a right of appeal to this court from the requirement of the bond. *Phillips v. Taylor,* 148 Md. 157, 163; *Taylor v. Gorman,* 146 Md. 207. The bill now filed seems to be, then, nothing more than a second effort to get relief that has already been granted in the court of law according to the wisdom and direction of the judge of that court, but to get it on better terms. In effect, one court is asked to relieve of that which the judge of the other court, in his discretion, has found justice to require as a condition to the delay of execution upon the debtors' assets, which would be entailed by an opening of the case for trial of the defenses offered. The case of *Leaverton v. Albert,* 116 Md. 252, seems to be a sufficient authority for the demurrer. In that case the motion at law to strike out the judgment had been denied, and the subsequent application to the court of equity was denied upon a showing that the same grounds of relief had been advanced in both proceedings. This court in the opinion suggested a question whether the defense of usury could have been considered on the motion at law, but here, as the relief sought was granted at law, there is no question of the effect of excluding grounds for it there.

The appellees having been granted the relief sought, with a right of appeal from the requirement of a bond if they deemed it unjust, have no right to start a new proceeding for relief in the equity court. They elected their remedy, obtained their adjudication, and can have no second proceeding for it. *Leaverton v. Albert, supra.*

*Order reversed and bill dismissed, with costs to the appellant.*