B. F. PERRY, in His Representative Capacity as
Administrator of the Estate of C. W. PERRY,
Deceased, Appellant, *v.* JENNIE EDMONDS,
Respondent.

No. 3244

December 2, 1938.                    84 P.(2d) 711.

*Noland & Noland,* for Appellant:

*Harry H. Austin,* for Respondent:

# OPINION

By the Court, COLEMAN, C. J.:

■ This action was brought against a nonresident administrator of an estate, residing in the State of Kansas, to recover judgment in the sum of $3,522.18. After an order of publication was entered, service of summons was had upon the defendant, on December 3, 1937, in the State of Kansas. On January 3, 1938, the clerk of the court entered the default of the defendant. On January 4, 1938, the defendant served and filed notice of motion, supported by affidavit of merits, to vacate and set aside the default. The motion was denied, and judgment was entered in favor of the plaintiff upon the default, after which a like notice of motion to vacate and set aside the judgment, supported by affidavit of merits and tendered answer, was filed. An appeal was taken from both the order of the court denying the motion to vacate and set aside the default and from the order to vacate and set aside the judgment. There was no appeal taken from the judgment. The motion of respondent to dismiss the appeal from the order denying the motion to vacate and set aside the default must be granted, as that is not an appealable order. If there were an appeal from the judgment, it may be that pursuant to section 8887 N. C. L. we would review the order denying the motion to vacate the default.

■ Several errors are assigned in this matter, but we do not deem it necessary to consider any save the one to the effect that the lower court did not obtain jurisdiction to enter a judgment in the matter, since this is not a suit in rem.

In this connection, counsel for respondent concedes, as we understand his position, that the contention would be good if it were not an action in rem, but being, as he contends, an action in rem, the court obtained jurisdiction by the service of summons in Kansas.

The claim of plaintiff which is the basis of this action was filed in the matter of the estate of C. W. Perry, as provided by section 9707 N. C. L., and was disallowed by the administrator and the court. Suit was brought upon the claim, pursuant to section 9711 N. C. L., which reads: "When a claim is rejected by the executor or administrator, or the district judge, the holder shall be immediately notified by the executor or administrator, and such holder must bring suit in the proper court against the executor or administrator within thirty days after such notice, whether the claim is due or not, otherwise the claim shall be forever barred. If the holder of a claim resides out of the state he may be informed of the rejection of his claim by written notice forwarded to his postoffice address by registered mail."

Section 9717 N. C. L. reads as follows: "The effect of any judgment rendered against any executor or administrator upon any claim for money against the estate of his testator or intestate, shall only be to establish the claim in the same manner as if it had been allowed by the executor or administrator and the district judge, and the judgment shall be that the executor or administrator pay in due course of administration the amount ascertained to be due. A certified copy of the judgment shall be filed in the estate proceedings. No execution shall issue upon such judgment nor shall it create any lien upon the property of the estate or give the judgment creditor any priority of payment."

Counsel for respondent seems to be of the opinion that in view of the provision in the last-quoted section to the effect that no execution shall be issued upon a judgment rendered against an executor or administrator, the assertion that the action is one in rem is well founded. He says in his brief: "In every other action in personam we may have execution on a judgment. It seems plain to us that the legislature did not regard actions on claims against an estate as actions in personam."

We do not see anything in our statute to warrant us in holding that this is an action in rem, or substantially in rem. The mere fact that the last section quoted provides that no execution shall issue certainly does not justify the assertion. The provisions authorizing the bringing of an action upon a rejected claim is to give a claimant an opportunity to establish his claim, if he can, in a court of law. A certified copy of a judgment, filed in the estate proceedings, enables the claimant to share in the assets of the estate and to be paid, not as a preferred claimant, but to be classified as contemplated by section 9795 N. C. L. As a matter of fact, it may be of a class on account of which nothing will be paid—the estate being exhausted by the preferred claims. In such a situation—and no legislature can say what may develop in a particular estate—we see nothing upon which a suit upon a claim can fasten to justify a court in saying such an action is an action substantially in rem.

Counsel for respondent quotes also from the opinion in Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, and from 15 C. J. p. 802, sec. 100, to support the contention that the action is one in rem.

The quotation from the case mentioned reads:

" 'Jurisdiction is acquired in one of two modes: first, as against the person of the defendant by the service of process; or, secondly, by a procedure against the property of the defendant within the jurisdiction of the

Court. In the latter case, the defendant is not personally bound by the judgment beyond the property in question. And it is immaterial whether the proceeding against the property be by an attachment or bill in chancery. It must be substantially a proceeding in rem.'

\* \* \* \* \*

"Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, by enforcing a contract or a lien respecting the same, or to partition it among different owners, or, when the public is a party, to condemn and appropriate it for a public purpose. In other words, such service may answer in all actions which are substantially proceedings in rem."

There is nothing in the language quoted to give comfort to respondent. Neither of the two methods designated in the language quoted whereby jurisdiction may be acquired has been complied with in this matter, and it is not pointed out whereby the plaintiff in the action has instituted any proceeding against any property. Nothing is offered to show that this is an action substantially in rem.

The language in Corpus Juris, relied upon as sufficient to warrant a holding that this is a proceeding in rem, is: "With respect to proceedings in rem and quasi in rem, the basis of the jurisdiction is the seizure of the property on which the judgment is to operate, and such jurisdiction cannot be acquired except by a lawful seizure, unless the action or proceeding is of such a character that the mere situs of the property to be affected within the territorial jurisdiction of the Court is sufficient to confer jurisdiction, as for instance in administration proceedings, condemnation proceedings and mortgage foreclosures."

There is nothing in this language to support respondent's contention. It points out that to constitute an action in rem there must be a seizure of property in the jurisdiction of the court, unless the action or proceeding is of such a character that the mere situs of

the property to be affected is sufficient to confer jurisdiction, as, for instance, in administration proceedings, condemnation proceedings and mortgage foreclosures.

■ Volume 34 C. J., at page 1171, citing State v. Central Pac. R. Co., 10 Nev. 47, and many other authorities, states: "A judgment in rem, as distinguished from a judgment in personam, is an adjudication pronounced upon the status some particular thing or subject matter * * *."

■ One of the authorities cited by counsel for respondent makes the loose statement that a proceeding in rem may be one in which the mere situs of *the property to be affected* is sufficient to confer jurisdiction, as, for instance, in administration proceedings. We can conceive of a case in which specific property situated in this state and claimed as property belonging to an estate may be the subject of a controversy so as to bring a proceeding within the general statement made, but that such might be the fact is no argument to support the contention that this is such a proceeding. We think it is not.. In fact, this action does not involve specific property or any property—it is a plain suit to recover a mere money judgment. No property was seized, actually or symbolically. The judgment obtained, if valid, is not and cannot be a lien on the assets of the estate in question, or any part thereof. It is a well-known rule that a judgment in an action in rem is only good to the extent of the amount realized from the specific property seized, actually or symbolically, in the action. This being true and there being no specific property actually or symbolically involved in this action, it is clear that no valid judgment could be rendered upon the service had in Kansas.

■ It is asserted that the defendant entered a general appearance by moving to set aside the default and the judgment. If such be the fact, such appearance did not operate to vitalize the antecedent proceedings.

It is ordered that the order denying the motion to

vacate and set aside the judgment be and the same is hereby set aside and held for naught.

It is further ordered that the lower court proceed herein in accordance with the views heretofore expressed.

Appellant to recover his costs.