Luebke, Appellant, vs. City of Watertown and others, Respondents.

*February 6—March 7, 1939.*

514

For the appellant there was a brief by *Grady & Dakin* of Watertown, and oral argument by *Harold M. Dakin.*

For the respondents there was a brief by *Harold W. Hartwig,* city attorney, and *Kading & Kading* of Watertown of counsel, and oral argument by *Mr. Hartwig* and *Mr. Charles E. Kading.*

FOWLER, J. Upon the complaint and an affidavit of the plaintiff, the plaintiff procured from a court commissioner an order requiring the defendants to show cause before the circuit judge why they "should not be *permanently* restrained and enjoined from entering into the contract referred to in said complaint," and restraining them from "entering into a contract with the Oliver Construction Company, or any other person, for the construction of the sewers referred to in the complaint" until the further order of the court. No answer was made to the complaint. No demurrer to it was interposed. At the time set for the hearing the city clerk filed an affidavit at the end of which he *prayed* for an order permitting the defendants to enter into a contract for the construction of the sewers. A hearing on these motions was had, and without the introduction of any evidence, findings of fact were made by the court, and judgment was entered thereon dismissing the complaint upon the merits and dissolving the restraining order issued by the court commissioner. The plaintiff has appealed from the judgment.

The practice above stated is entirely without precedent. Findings are only made upon the issues made by the com-

plaint and answer upon the evidence produced upon trial to the court. Judgments on the merits are only entered upon findings so made, upon rulings on demurrer when pleading over is not served, upon a motion for judgment on the pleadings, upon an agreed case pursuant to sec. 269.01, Stats., or upon the consent of the party against whom the judgment runs. Why the court did not follow one of these courses in the instant case we do not know. Doubtless we might properly reverse the judgment upon the record made. But as the plaintiff asked for a "permanent injunction" on the showing made on return to the order to show cause and the defendants made no objection to that course, but asked that they be permitted to proceed with the construction of the sewer, we conclude to treat this as an agreement by the parties to submit the case for final decision upon the facts appearing from the complaint and the affidavits presented on the return to the order to show cause, which are entirely without dispute.

The plaintiff in asking for a "permanent injunction" asked for a final judgment. This cannot be treated as a request for a final judgment if the court should decide in his favor, but not as for such judgment if the court should decide against him. It must be considered as a motion for a final judgment in the case, whether for or against the plaintiff. As the plaintiff asked for a final judgment on the complaint and the showing that should be made pursuant to the order to show cause, and the defendants asked that they might be permitted to proceed with the construction of the sewer upon the complaint and their showing, we conclude to treat this as an agreement by the parties to submit the case upon the facts appearing from the complaint and the affidavits presented on the return to the order to show cause. This makes in effect an agreed case under the statute cited, which provides that even without any complaint the parties

"to a controversy which might be the subject of a civil action, may agree upon a verified case containing the facts upon which the controversy depends and submit the same to any court which would have jurisdiction if an action were brought," and judgment may be entered thereon.

The complaint states that the city authorities in due form took the preliminary steps for constructing certain sewers and properly advertised for bids for constructing them, and that the lowest bidder was the "Oliver Construction Company." The only ground laid for enjoining the letting of the contract was that the Oliver Construction Company did not accompany its bid with a contract and bond as required by sec. 62.15, Stats. Sub. (2) of that statute requires that "when work is required . . . to be let to the lowest responsible bidder . . . (the board of public works) shall prepare . . . a form of contract and bond with sureties as required." Sub. (3) requires "no bid shall be received unless accompanied by a contract and bond with sureties, as prescribed by the form furnished, completed with the exception of the signatures on the part of the city."

To the affidavits submitted on the return day are attached copies of the proceedings precedent to the opening of the bids which show that the statutory proceedings were literally complied with in every respect except that instead of a form of "contract and bond" as provided in sub. (2) above stated, no bond was prepared by the board of public works, and no bond accompanied the bid of the Oliver Construction Company, but instead the form of contract prepared by the board provided for the bondsman signing the contract itself as a party thereto. The bid of the Oliver Construction Company was accompanied by a contract in form as prepared by the board of public works signed by "M. Oliver," and by the Central Indemnity Company as surety. It further appears from the affidavits presented by the defendants that Michael Oliver is a sole trader engaged in general construction work

doing business under the name of Oliver Construction Company; that the city authorities knew of this fact; that he signed his business contracts as "Oliver Construction Co.," "M. Oliver," "Mike Oliver," or "Michael Oliver." That the bid was signed "Oliver Construction Co.;" that the name "Mike Oliver" appears at the commencement of the signed contract submitted with his bid, and that the city authorities all knew that "M. Oliver," "Mike Oliver," and the "Oliver Construction Co." designated the same person.

The plaintiff urges that the proceeding did not authorize the letting of the contract because there is no such entity as the Oliver Construction Company, and the signature to the bid was therefore ineffectual. Also that the variances in the contract between "Mike Oliver" at the head and the signature "M. Oliver" voids the contract. A person may bind himself to a contract by any name which he may wish to adopt providing he uses it as a substitute for his own name. *Jewett v. Whalen,* 11 Wis. *124; *First State Bank v. Cox,* 192 Wis. 566, 213 N. W. 290. A person may bind himself by using his trade name. Sec. 116.22, Stats.; 19 R. C. L. p. 1333, § 11.

That the board of public works in preparing the instruments which the bidder was to sign combined the obligations of the contractor and his surety in a single instrument instead of two is immaterial. *Fidelity & D. Co. v. Milwaukee-Western F. Co.* 191 Wis. 499, 503, 210 N. W. 713. So far as we can discover all obligations of the surety that under the letter of the statute should have been incorporated in a separate bond obligating him as surety for performance of the contract, were assumed by him in signing the contract as a party thereto. This was a substantial compliance with sec. 62.15, Stats.

It is contended that by not giving a separate bond sec. 289.16, Stats., was evaded and the right to contract voided. That section provides that contracts for public work shall

require the contractor to pay all claims for labor performed and material furnished upon and in the work, and that a bond shall be given, with penalty equal to the contract price, obligating the surety to make such payment. But the contract signed by both the contractor and the surety contains a provision that the party of the first part shall pay and that the party of the second part is surety for the payment of all claims "as required by sec. 289.16," Stats. This for the reason above stated is a substantial compliance with the section, although integrated in a single instrument instead of two.

It is claimed that the letting of the contract should have been enjoined because the bidder did not comply with sec. 66.29 (7), Stats., which provides that a bidder on municipal contracts shall make a part of his proposal "a sworn statement that he has examined and carefully prepared his bid from the plans and specifications and has checked the same in detail before submitting said proposal." No sworn statement appears to have been submitted with the bid, but a statement substantially complying with it was submitted. The statement recites that the bidder "having personally and carefully examined the plans, specifications and form of contract for the construction of sewers [involved] . . . and having made such examination understandingly," the bidder proposed to do the work and furnish all materials for specified amounts per lineal foot of the different sized sewers involved and at specified amounts for other specified items. This covers everything required by the statute except "checking," and the affirmation that he made the examination understandingly doubtless implies that. We consider that there was substantial compliance with bidding requirements although the statement was not sworn to. It is not claimed that the statement made is untrue, or that any possible injury or prejudice resulted from omission of the oath or from lack

of checking if there was such lack. See *Bechthold v. Wauwatosa*, 228 Wis. 544, 277 N. W. 657, 280 N. W. 320.

After the circuit judge had filed his findings and entered judgment the plaintiff moved the court for a rehearing of the case and to amend its findings of fact by adding thereto a finding that there was a failure of the city to comply with the provisions of sec. 66.29 (7), Stats., and the conclusion of law that by failure to comply with such provision "the contract referred to in the complaint herein may not be entered into by said city." The plaintiff also moved that the judgment be set aside on the further grounds that the court was without jurisdiction to enter judgment without issue being joined by answer or demurrer and upon an order to show cause, and that the direction of the court to defendants' counsel for the drawing of the findings and judgment provided only for dissolution of the injunction and dismissal of the action, and did not provide for dismissal on the merits. The plaintiff also appeals from the order denying these motions.

These motions were properly denied. Adding the finding of fact requested would have effected nothing as the correlative conclusion of law requested would have been erroneous, as above indicated. The objection to entry of the judgment came too late, because, as we have already stated, the plaintiff moved the court to enter final judgment and so acted as to consent to decision on an agreed statement of facts. The claim that the judgment is not in accordance with the direction of the court for dismissal is without merit because the record upon which the parties chose to submit the case for decision shows that the defendants were entitled to such dismissal.

The plaintiff also objects to the judgment for costs in the sum of "$5, balance of clerk's fees, plus $50 *statutory* attorney's fees, costs, in all the sum of $55," because they were

taxed without notice. Sec. 271.10, Stats., provides for taxation of costs by the clerk upon motion. No notice appears to have been given. The notice requires service of a cost bill. No cost bill was served. A party is entitled to be heard on the question of costs. The court had made no order or direction, so far as the record shows, for the allowance of a $50 attorney fee. This item was inserted without any opportunity to the plaintiff to be heard respecting it. Neither was opportunity given the plaintiff to be heard on the item of clerk's fees. We consider that the costs were inserted in the judgment without authority and should be stricken from the judgment. It is true that the case is in equity and in such case costs may be allowed to the successful party in the discretion of the court, in addition to disbursements, not exceeding $100. Sec. 271.02 (2), Stats. But even in such case they cannot be slapped on by counsel for the successful party, or the clerk of the court, or by the court for that matter, without the service of a cost bill. We consider that the costs should be stricken from the judgment.

*By the Court.*—The order denying the motions for rehearing is affirmed; the judgment is modified by striking therefrom the costs, and, as modified, it is affirmed. Costs of the appeal are allowed to the defendants.