Mueller, Respondent, v. American Indemnity Company, Appellant.

*February 7—March 5, 1963.*

For the appellant the cause was submitted on the brief of *Gerald P. Hayes* of Milwaukee.

For the respondent there was a brief by *Burlingame, Gibbs & Roper* of Milwaukee, and oral argument by *Richard S. Gibbs.*

DIETERICH, J. The pleadings in the instant action consist of a summons and complaint and stipulation entered into between the plaintiff and defendant pursuant to sec. 269.01, Stats.,[1] as an agreed case which directed the trial court to enter judgment in accordance with its determination.

The action was commenced by service of a summons and complaint in January, 1960. No answer was filed on behalf of the defendant Insurance Company. The case was submitted to the trial court on stipulated facts as an agreed case pursuant to sec. 269.01, Stats., in October, 1961. The stipulation entered into between the plaintiff and defendant provided in part as follows:

"The plaintiff is an adult, employed as a salesman and traveling representative, . . .

". . . at all times material hereto, was the owner of a 1957 Chevrolet . . .

"The defendant, American Indemnity Company, is a foreign insurance company, with its home office at Galveston, Texas, . . . engaging in the business of issuing policies of automobile insurance in the state of Wisconsin . . . the state of Louisiana . . . and elsewhere.

"On . . . the 7th day of April, 1959, the defendant, through its . . . authorized agent, at New Orleans, Louisiana, issued to the plaintiff its family combination automobile policy . . . with the policy period being March 24, 1959, to March 24, 1960, both dates inclusive. . . .

"The plaintiff, through the defendant's agent, paid the defendant a total premium for said policy in the sum of $190.40.

"Under date of June 12, 1959, the defendant, through its issuing agent, Dixie Insurance Agency, Inc., forwarded a

---

[1] "AGREED CASE; AFFIDAVIT; JUDGMENT. Parties to a controversy which might be the subject of a civil action, may agree upon a verified case containing the facts upon which the controversy depends and submit the same to any court which would have jurisdiction if an action were brought. The court shall, thereupon, render judgment as in an action. Judgment shall be entered and docketed as other judgments and with like effect, but without costs for any proceeding prior to the trial."

notice of cancellation of said policy addressed to the plaintiff at 905 Royal Street, New Orleans, Louisiana, which was the address of the plaintiff as indicated in the policy previously issued. . . .

". . . The same was returned to the defendant's agent unclaimed. . . .

". . . there was due to plaintiff a return premium in the amount of $150.90. This amount was credited to the account of the defendant's agency, Dixie Insurance Agency, Inc. No attempt was . . . made to forward this sum to plaintiff either at the address indicated at New Orleans, Louisiana, nor to any other address at which the plaintiff was, . . .

"The plaintiff did not . . . advise the defendant, or its authorized agents, . . . of any change in his mailing address until . . . the 6th day of October, 1959 [at which time he received information of the notice of cancellation].

"On the 2d day of October, 1959, the plaintiff while driving the automobile described in the policy . . . was involved in a two-car collision at the intersection of West Holt street and South Fifty Eighth street in the county of Milwaukee, Wisconsin. . . . timely notice of such accident was furnished to the defendant through its authorized agents . . . sufficient notice of a claim arising out of said accident made by one Robert Schmidt (driver and owner of the other vehicle) was also given to the defendant through its duly authorized agent.

"As a result of the collision . . . plaintiff's automobile was damaged, and the . . . reasonable cost of the repairs necessitated by reason of said collision . . . is in the sum of $862.10, . . .

"Plaintiff incurred medical expenses because of personal injuries sustained by him in said accident in the total sum of $50, . . ."

Counsel for the defendant does not concede, and challenges, the relevancy and materiality of the statements of fact below:

". . . Plaintiff . . . filed with the Wisconsin motor vehicle department, a report of accident. Included therein was . . . form SR-21 describing the date and location of the acci-

dent, describing the vehicle, naming the driver and owner, and naming the defendant as the Insurance Company whose policy was claimed to cover the plaintiff as owner and operator. . . . pursuant to the statutes of the state of Wisconsin, . . . form SR-21 was . . . mailed to and received by the defendant.

"The defendant did not, for more than thirty days after the receipt by it of the said SR-21, mail to or file with the Wisconsin motor vehicle department any statement indicating either that it had any policy defenses or that it had no automobile liability policy in effect on the date of the accident.

"The statement which the automobile liability insurer is authorized to file under the Wisconsin statutes, in the form adopted by the Wisconsin motor vehicle department, permits the following statement:

"☐ No automobile liability policy was in effect on the date of the accident."

The issues on this appeal are:

(1) Whether by its conduct defendant is estopped from challenging the judgment of the trial court.

(2) Whether defendant by failure to return an SR-21 to the motor vehicle department has waived its right to declare that it did not have a policy of automobile liability insurance in effect at the time of the collision involved.

(3) Whether defendant under Louisiana law had effectively canceled plaintiff's automobile insurance policy prior to the accident in question.

## (1) *Estoppel.*

Counsel for plaintiff contends that in all fairness defendant should not be allowed to appeal the trial court's judgment because defendant neither served an answer to plaintiff's complaint nor responded to plaintiff's brief. However, defendant did agree to submit the action on facts stipulated by both parties. Hence, the provisions of sec. 269.01, Stats., apply.

In those cases which are determined as agreed cases under sec. 269.01, Stats., it is not necessary that defendant serve an answer. In *Luebke v. Watertown* (1939), 230 Wis. 512, 284 N. W. 519, an appeal by plaintiff was entertained by this court where defendant had not filed an answer to plaintiff's complaint, but defendant was not prejudiced thereby on that appeal.

### (2) *Failure to Return an SR-21.*

Counsel for both parties cite an article by Walter M. Bjork of Madison, entitled, "The New SR-21 Look in Wisconsin," published in the February, 1958, issue of the Wisconsin Bar Bulletin, pp. 12–21. This scholarly article states that (p. 14):

". . . the company need not file an SR-21 unless it wishes to assert one or more of the seven statements provided on the form. . . . The requirement of the new law that the form only need be filed where the particular matters are sought to be raised—and if the form is not filed, the policy is presumed to have been in effect and have covered both the owner and the operator—should serve to decrease the number of erroneous filings due to administrative error. It may be that the presumption will work against the company, however, because inactivity in penalized."

As already noted in the statement of facts one of the seven statements on the form is "☐ No automobile liability policy was in effect on the date of the accident."

Sec. 344.15 (4), Stats., reads in part as follows:

"The commissioner shall assume that an automobile liability policy or bond as described in this section was in effect and applied to both the owner and operator with respect to the accident unless the insurance company or surety company notifies the commissioner otherwise within thirty days from the mailing to the company of that portion of the report pertaining to the automobile liability policy or bond."

In a footnote to New SR-21 Look in Wisconsin, *supra,* it is observed that (p. 23):

"Section 344.15 (4) [Stats.] . . . which provides that the commissioner shall assume that an automobile liability policy was in effect and applied to both the owner and operator with respect to the accident unless the company notifies the commissioner otherwise within the thirty-day period. The statute refers to Item 4 on the back of the SR-21 form and it would appear that unless the company corrects the form by checking Item 4 it will also be estopped in this fourth respect."

However, language in *Behringer v. State Farm Mut. Automobile Ins. Co.* (1957), 275 Wis. 586, 594, 82 N. W. (2d) 915, gives expression to general policy considerations where, as in this case, it is the named insured and not a third-party beneficiary who is attempting to recover from the insurer. In the *Behringer Case* it is stated:

"However, in the *Pulvermacher Case* [*Pulvermacher v. Sharp* (1957), 275 Wis. 371, 82 N. W. (2d) 163] the injured person, who is the third-party beneficiary that the Safety Responsibility Law was designed to protect, was the *named insured* under the policy. The Safety Responsibility Law should not be so construed that the filing of an SR-21 would give such named insured the right to recover upon his own policy of insurance when he had already expressly contracted in such policy that there would be no coverage as to his own damages. This is because the SR-21 is filed to protect such named insured, as owner of the insured vehicle, against having his vehicle registration suspended. In this respect it is a filing for and in behalf of the insured and he should not be permitted to use it as a weapon against the insurance company."

The Safety Responsibility Law was designed to protect the third-party beneficiary, not the named insured. The relationship between insurer and insured is to be found in the policy which binds them and not in the Safety Responsi-

bility Law. The defenses available to the insurer under the policy are not affected by its failure to return an SR-21 to the motor vehicle department. That agency becomes an interested party in the proceedings only when a third-party beneficiary, not a party to the insurance contract, becomes involved in the proceedings.

Where, as in this case, the only parties litigating the issues are the insurer and the insured, their rights shall be determined by their contract and not by the provisions of the Safety Responsibility Law.

### (3) *Cancellation.*

The cancellation clause of the policy in part states:

"15. CANCELLATION: . . . This policy may be canceled by the company by mailing to the insured named in Item 1 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective.

". . . Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation."

3 Louisiana Revised Statutes (1950), sec. 22–636 provides in part:

"CANCELLATION BY INSURER . . . (D) The portion of any premium . . . unearned . . . must be actually paid to the insured or other person entitled thereto . . . or be mailed to the insured or such person as soon as practicable following such cancellation."

The language of the policy is in substantial agreement with that of the statute. The facts in this case are that a notice of cancellation was sent to plaintiff at the address given in the policy. Plaintiff had changed address and the letter containing the notice of cancellation was returned to

defendant insurer. Defendant was not made aware of plaintiff's whereabouts until they received notice of plaintiff's accident which accident gave rise to this action.

It is clear that under these circumstances it would have been fruitless for defendant insurer to attempt sending plaintiff's rebate of premium to him as the letter would only be returned.

Three cases arising out of Louisiana are relevant in this appeal: *Ellzey v. Hardware Mut. Ins. Co. of Minnesota* (La. App. 1949), 40 So. (2d) 24, 28, 29, is not similar to this action on its facts. The plaintiff cites *Ellzey* for the proposition that "the return or tender of the unearned premium to the insured is generally a condition precedent to cancellation of a policy by the insurer" and "that tender of the unearned premium after loss under the policy is insufficient to effect a cancellation as of a prior time."

In the *Ellzey Case* it is relevant to note that the court also stated (p. 28):

". . . that notice of cancellation may be sent by mail and mailing in accordance with the terms of the policy, at the address shown on the policy, is sufficient regardless of actual receipt of the notice by the insured, in the absence of any other facts."

Nowhere in the opinion does the court attempt a construction of the pertinent Louisiana statute, sec. 22–636.

*Romero v. Maryland Casualty Co.* (La. App. 1951), 54 So. (2d) 645, is closer to this case on its facts. Romero's policy was canceled by the insurer and credit was given Romero for the unearned premium in the account of his insurance agent. Romero had a debit balance with the local insurance agent and the amount of the unearned premium was therefore credited to his account. The court stated (p. 649):

"Nevertheless, since all counsel, in oral argument and in brief, have apparently sought to make the principal issue the question of whether the Louisiana Insurance Code, in such situation as this, requires that in order to effect a cancellation, the insurer must give the required notice and must simultaneously return the unearned premium directly to the insured, we have concluded to decide the matter on that issue."

The court determined the issue in favor of defendant, to wit (p. 650):

"We do not see that a lengthy discussion of each of the cases cited would be of interest here. In no one of them were there involved the particular clauses which are found in our insurance code, and we have based our conclusion on our belief that the only interpretation which can be placed on these various pertinent paragraphs is that they permit cancellation by an insurer by the mere giving of notice provided repayment of the unearned premium is tendered as soon as practicable thereafter."

The *Ellzey Case* was not expressly overruled or discussed, but the *Romero Case* clearly overruled *Ellzey* by implication.

The court of appeals was affirmed in *Romero v. Maryland Casualty Co.* (1953), 223 La. 783, 786, 787, 66 So. (2d) 849. The Louisiana supreme court observed that:

"Since the law must be applied to the facts of the case, it is not necessary to decide that the return of the unearned premium in a reasonable time is a prerequisite for cancellation. . . .

"The statute does not contemplate the inclusion of the unearned premium at the time of the notice of cancellation. The statute states that payment must be made to the insured or such person as is entitled thereto *'as soon as practicable following such cancellation.'*"

In *Thompson v. State Farm Ins. Companies* (D. C. La. 1956), 145 Fed. Supp. 473, the facts are that on June 3, 1954, the insurer mailed a notice to its insured stating that

unless a premium then due was paid, the policy would be canceled on June 16th. On June 23d the insurer placed the policy in regular channels for the computation of the premium to be refunded treating the policy as effectively canceled on June 16th. The accident occurred on July 2d and notice was received by the insurer on July 6th. The unearned premium was returned to the former insured on July 19th in the regular course of business.

The federal court stated (p. 481):

"Our Louisiana courts have not passed directly on the question of 'as soon as practicable following such cancellation,' and consequently we must turn to other jurisdictions."

After examining other cases the court comes to the conclusion that the weight of authority is that "the language 'as soon as practicable' means a reasonable time" and that cancellation was effective. The court referred to an opinion from another jurisdiction which observed that *Romero* had overruled *Ellzey*.

We conclude that the cancellation made by defendant American Indemnity Company was effective and the only relationship which now exists between defendant and plaintiff as a result of the policy of automobile insurance issued by defendant to plaintiff, is that of debtor and creditor.

*By the Court.*—Judgment reversed with instructions to dismiss the complaint.