WILLA DOYLE and MICHAEL S. DOYLE, Appel-
LANTS, *v.* LOUIS JORGENSEN, Individually and
as Guardian ad Litem for BRUCE E. JORGEN-
SEN, a Minor, Respondents.

No. 4995

May 23, 1966                                   414 P.2d 707

*Richard P. Wait,* of Reno, for Appellants.

*Peter Echeverria* and *Albert H. Osborne,* of Reno, for
Respondents.

## OPINION

By the Court, ZENOFF, D. J.:

We are confronted with the relevance of a defendant's "general appearance" subsequent to a default judgment and the propriety of a trial court "reinstating" this default judgment after first setting it aside.

These and related procedural issues are outgrowths of an automobile collision on July 22, 1961, between a car driven by defendant Michael Doyle and one driven by Bruce E. Jorgensen, on whose behalf as Guardian ad Litem, and individually, a complaint was filed by Bruce's father, Louis Jorgensen, on July 18, 1963. Named codefendant with Michael was his mother, Mrs. Willa Doyle, her liability resting solely upon fault imputed pursuant to NRS 483.300.[1]

A single copy of the summons, addressed jointly to Willa and Michael, was delivered to the Doyle residence on July 19, 1963. The return certified the summons was personally served upon Willa. At the time, Michael was in the Armed Services and stationed outside Nevada.

No answer was filed by either Willa or Michael. On November 1, 1964, 17 months after service, plaintiff secured a default against both defendants. Judgment was entered on December 2, 1964. Nineteen days later, on December 21, the defendants, presenting a joint application and using the same counsel, moved the court to set aside and vacate the default judgment "upon the grounds, among others" that Michael was never legally served "and upon the further grounds that said Judgment against each of said Defendants should be vacated and set aside by reason of the mistake or inadvertence or surprise or excusable neglect of counsel for Defendants, within the meaning, terms and provisions of Nevada Rules of Civil Procedure 60(b)(1)."

The court, pursuant to oral argument, vacated the defaults as to both Willa and Michael "upon the following terms and conditions:

"a. That both defendants * * * forthwith file their answer to the Complaint on file.

[1]NRS 483.300. Application of minors.

"1. The application of any person under the age of 18 years for an instruction permit or operator's license shall be signed and verified * * * by either or both the father and mother of the applicant * * *.

"2. Any negligence or willful misconduct of a minor under the age of 18 years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct."

"b.   That Defendant, MICHAEL S. DOYLE waive any terms and provisions of the Soldiers and Sailors Relief Act that may apply to him in this case.

"c.   That the matter be forthwith set for trial on the merits with a pretrial conference scheduled at least ten days prior to the trial setting.

"d.   Plaintiff's claim for automobile property damage in the sum of $1,800.00 be stricken from the Complaint, it having been settled between the insurance carriers involved."

The order vacating the defaults was entered on April 13, 1965. On April 15, Willa Doyle filed her answer to the merits. However, there was no response from Michael. On July 6, plaintiff moved for a reinstatement of the default on the basis of Michael's continued failure to answer. In opposition, defense counsel pleaded "mistake, inadvertence, surprise or excusable neglect" and attached a proposed answer on behalf of Michael. On August 2, the court "reinstated" the default judgment against *both* Willa and Michael "for the reason that defendant, MICHAEL S. DOYLE failed to comply with the Order of this Court issued on April 13, 1965, setting aside and vacating Default Judgment upon specific terms and conditions."[2]

From this reinstatement, defendants appeal, claiming that Michael still has not been properly served.

1.   We first note that the parties have proceeded on the presumption that Michael was not properly served because of his absence in the Armed Services. We disagree. NRCP 4(d)(6) provides that service may be made "to the defendant personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein * * *." Authorities split as to whether an abode statute allows personal service at the civilian residence of a defendant in the Armed Service. 46 A.L.R. 2d 1239–1245 (1954). However, the federal courts have

___

[2]In this reinstatement, judgment nevertheless was reduced by $1,800.00, the amount considered settled in the earlier order setting aside the defaults.

adopted a broad construction, viewing the statute as looking to a defendant's domicile. Karlsson v. Rabinowitz, 318 F.2d 666 (4th Cir. 1963); McFadden v. Shore, 60 F.Supp. 8 (E.D. Pa. 1945). The notes of the Advisory Committee formulating the Nevada Rules of Civil Procedure indicate an intent to emulate the federal practice in this area. As to NRCP 4(d), the Advisory Committee said, "[t]he provision for personal service upon an individual is broadened by adopting the provision for leaving copies as under federal practice."[3] We therefore look to the federal practice and hold that "[w]here the facts are insufficient to justify a different conclusion, it will be presumed that the usual place of abode is not changed by entry into the military service." Allder v. Hudson, 48 Del. 489, 106 A.2d 769, 770, 46 A.L.R.2d 1237 (1954).[4]

Service upon Michael, however, still was ineffective in that two defendants were involved but only one copy of a summons was delivered. Each defendant must be served a copy of the summons, even though both may share the same place of abode and may even be members of the same family. Chaney v. Reddin, 201 Okla. 264, 205 P.2d 310, 8 A.L.R.2d 337, 343 (1949); Tropic Builders v. Naval Ammunition Depot, 402 P.2d 440, 446 (Haw. 1965); 72 C.J.S., Process § 46.

[3]NRCP Advisory Committee Notes, p. 104.

[4]This construction of NRCP 4(d)(6) in no way conflicts with relief otherwise available pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1178, ch. 888, §§ 1–700, 50 App. U.S.C.A. §§ 501–590. The Act provides that "[a]t any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." 54 Stat. 1181, ch. 888, § 201, 50 App. U.S.C.A. § 521. It appears clear that 50 App. U.S.C.A. § 510 et seq. only affords protection for a litigant in military service after an action has begun, but does not affect the method of service of process prescribed in rule 4(d). McFadden v. Shore, 60 F.Supp. 8, 9 (E.D. Pa. 1945); 50 App. U.S.C.A., p. 554.

2. Without proper service, the judgment against Michael was void. Thatcher v. Justice Court, 46 Nev. 133, 207 P. 1105 (1922) ; Martin v. Justice Court, 44 Nev. 140, 190 P. 977 (1920). Michael could have moved to set aside the judgment pursuant to NRCP 60 (b) (3) ;[5] alternatively,[6] he could have sought a setting aside combined with permission to answer to the merits pursuant to NRCP 60 (c).[7] Michael, however, did not confine his pleadings to these jurisdictional matters of defective service or void judgment. Rather, he *also* sought relief on the basis of "mistake, inadvertence, surprise, or excusable neglect" as provided by NRCP 60 (b) (1). Michael therefore made a general appearance. Farmington Mut. Fire Ins. Co. v. Gerhardt, 216 Wis. 457, 257 N.W. 595 (1934) ; Aetna Ins. Co. v. Earnest, 215 Ala. 537, 112 So. 145 (1927), quoted with approval in Sachs v. Sachs, 179 So.2d 46, 48–49 (Ala. 1965) ; Dell School v. Peirce, 163 N.C. 424, 79 S.E. 687 (1913). From that point forward, Michael waived any defects in service of process. Perry v. Edmonds, 59 Nev. 60, 66, 84 P.2d 711 (1938).

3. Parenthetically, a more difficult question is

---

[5]NRCP 60 (b) (3) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (3) the judgment is void; * * *."

[6]He also could have sought relief pursuant to the Soldiers' and Sailors' Civil Relief Act, 54 Stat. 1178, ch. 888, § 200, 50 App. U.S. C.A. § 520, as amended 74 Stat. 820 (1960), which provides that plaintiff, in securing a default, must present the court either an affidavit or declaration under penalty of perjury to the effect that defendant is not in the military service. Failure to so provide permits a defendant in the military service to move, within ninety days, for the setting aside of default on proper showing of prejudice. People v. Vogel, 46 Cal.2d 798, 299 P.2d 850 (1956).

[7]NRCP 60 (c) : "Default Judgments: Defendant Not Personally Served. When a default judgment shall have been taken against any party who was not personally served with summons and complaint * * * and who has not entered his general appearance in the action, the court, after notice to the adverse party, upon motion made within six months from the date of rendition of such judgment, may vacate such judgment and allow the party or his legal representatives to answer to the merits of the original action. * * *"

whether such a waiver after judgment also may be applied retroactively so as to cure initial defects and render proper an otherwise void judgment. The authorities differ. 6 C.J.S., Appearances § 20, p. 61. Nevada has followed the minority position and refused to retroactively apply general appearances after judgment. Nevada Douglass Gold Mines v. District Court, 51 Nev. 206, 212, 273 P. 659 (1929) ; Perry v. Edmonds, 59 Nev. 60, 66, 84 P.2d 711 (1938) ; Ivaldy v. Ivaldy, 157 Neb. 204, 59 N.W.2d 373, 377–378 (1953). We question the logic of distinguishing between general appearances before and after judgment.[8] See Farmers & Merchants Natl. Bank v. Superior Court, 25 Cal.2d 842, 155 P.2d 823, 826 (1945). We fear that in distinguishing "between defects in practical proceedings, which constitute mere irregularities, [and] such [defects] as render the proceeding a total nullity and altogether void"—and holding that the latter "cannot be made regular by any act of either party" (Iowa M. Co. v. Bonanza M. Co., 16 Nev. 64, 72 (1881) ; Thatcher v. Justice Court, supra, at 138–139)—courts have confused the doctrine of retroactive waiver with that of harmless error, i.e., there are certain minescule irregularities in procedure which will be overlooked regardless of protest if, under particular circumstances, such an overlooking will best serve the ends of justice. See Luebke v. City of Watertown, 230 Wis. 512, 284 N.W. 519 (1939) ; Borough of Hasbrouck Heights v. Agrios, 10 F.Supp. 371 (D.C.N.J. 1935) ; 49 C.J.S., Judgments § 268, pp. 484–485. In contrast, other procedural errors are deemed so prejudicial that they are never overlooked, but instead are said to render the proceeding void. This does not mean,

---

[8]The entire distinction between general and special appearances has been abolished for federal courts by Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A. Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 873–874 (3rd Cir. 1944). Cf. Nevada Rules of Civil Procedure, rule 12(b), and Advisory Committee Notes, p. 106.

however, that these defects cannot be waived, absent particular dictates of public policy.[9]

4. As to the "conditions" attached to the setting aside of the default, Rule 60(b) provides that "[o]n motion *and upon such terms as are just*,[10] the court may relieve a party or his legal representative from a final judgment," etc., upon the specified grounds then enumerated. We construe "terms" in the context used to mean reasonable conditions. See Comm. of Pub. Works v. Cities Svc. Oil Co., 308 Mass. 349, 32 N.E.2d 277, 283–284 (1941). The court therefore is entitled to look to the equities for all parties. "In * * * striking out or opening a judgment, a court of law exercises a quasi equitable jurisdiction, and it has power to surround the relief with precautionary conditions." Commercial Savings Bank v. Quall, 156 Md. 16, 142 A. 488, 489 (1928); Pioneer Oil Heat v. Brown, 179 Md. 155, 16 A.2d 880, 883 (1940). The condition demanding defendant waive his rights under the Soldiers' and Sailors' Civil Relief Act went beyond this power. It was not a "just term" for setting aside the default.

The court, however, based the second default upon Michael's failure to comply with the conditions of the earlier setting aside. Since at least one of these conditions was improper, and thus invalid, such a reinstatement of the first default was equally erroneous.

5. Michael's answer now is before the court.[11] It

---

[9]It is true that parties cannot confer jurisdiction upon a court which otherwise does not have such jurisdiction, but this refers to jurisdiction over the subject matter, not the parties involved. Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W.2d 598, 600 (1943); Jasper v. Jewkes, 50 Nev. 153, 156–157, 254 P. 698 (1927), and cases cited therein.

[10]Emphasis added.

[11]As to Willa Doyle, she did enter a timely answer after the setting aside of her default and should not be subjected to a second default regardless of Michael's disposition. The defaulting actions of one defendant cannot be imputed to another, who behaves properly. Miller v. Keegan, 92 Cal.App.2d 846, 207 P.2d 1073 (1949).

would seem, under the particular circumstances before us and in light of this Court's repeated preference for resolving issues on their merits, that Michael's answer be accepted as offered and the matter proceed forthwith.

Reversed and remanded in accordance with the holdings herein.

THOMPSON, J., and WINES, D. J., concur.

Judge Taylor H. Wines was designated to sit in the place of Judge MILTON B. BADT, deceased.