ANDREWS CONSTRUCTION, INC., Plaintiff-Appellant,

v.

TOWN OF LEVIS, Defendant-Respondent.

Court of Appeals

*No. 2004AP3338. Submitted on briefs February 6, 2006.*
*—Decided August 3, 2006.*

2006 WI App 180

(Also reported in 722 N.W.2d 389.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Charles V. Feltes* of *Charles V. Feltes, S.C.*, Osseo.

On behalf of the defendant-respondent, the cause was submitted on the briefs of *David A. Piehler* and *Eric C. Pease* of *Piehler & Strande, S.C.*, Wausau.

Before Lundsten, P.J., Vergeront and Deininger, JJ.

¶ 1. LUNDSTEN, P.J.   This case involves a bid proposal on a municipal road construction project for the Town of Levis. The issue presented is whether Andrews Construction's proposal complied with the statutory requirement that its bid proposal include a sworn statement that it "examined and carefully prepared the proposal from the plans and specifications and has checked the same in detail before submitting the proposal or bid to the municipality."[1]

---

[1] The parties refer to Andrews Construction's bid proposal, alternately, as a "bid" or a "bid proposal." We refer to it as a "bid proposal" or "proposal" both because that more closely tracks the statutory language and because the document Andrews Construction submitted to the Town of Levis containing its bid was titled "proposal."

Wis. Stat. § 66.0901(7) (2003–04).[2] Andrews argues that its bid proposal "substantially" complied with this statute because the proposed work listed in the bid proposal effectively communicates the assurances required by the statute. We disagree and, consequently, affirm the circuit court's summary judgment order dismissing Andrews' breach of contract claim against the Town of Levis.

## *Background*

¶ 2.   The Town of Levis published a bid notice for a road construction project. Andrews Construction submitted a bid proposal providing some details as to the work it would perform, but not including a sworn statement of the sort described in Wis. Stat. § 66.0901(7). The Town Board accepted Andrews' proposal.

¶ 3.   About one week later, a county highway department official called Andrews Construction and informed Andrews that its bid proposal was not acceptable because the proposal did not include "bid and performance bonds." Andrews also received a letter from the Town stating that Andrews' bid proposal was not acceptable and that the Town was going to re-bid the project. After new bids were submitted, the contract was awarded to a different company.

¶ 4.   Andrews Construction filed suit against the Town seeking damages for lost profits based on the Town's alleged breach of contract. The Town moved for summary judgment. The circuit court granted that motion, dismissing Andrews Construction's claim. Andrews appealed.

---

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

¶ 5. The parties' initial briefing on appeal focused on several issues, but not on whether Andrews Con struction complied with WIS. STAT. § 66.0901(7). At our direction, the parties submitted supplemental briefs addressing whether Andrews Construction's bid proposal complied with § 66.0901(7).

### *Discussion*

■

¶ 6. We review summary judgment decisions *de novo,* applying the same method as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). That method is well established and need not be repeated here.

¶ 7. The content of Andrews Construction's bid proposal is undisputed. It contains a brief description of the work Andrews was offering to perform and the amount Andrews would charge for that work. It is also undisputed that Andrews Construction did not submit with its bid proposal a statement of any kind containing assurances of the type required by WIS. STAT. § 66.0901(7).

¶ 8. WISCONSIN STAT. § 66.0901(7) imposes a bidder's certificate requirement on bid proposals for public contracts. That statute provides that "the bidder shall incorporate and make a part of the bidder's proposal . . . a sworn statement by the bidder . . . that the bidder . . . has examined and carefully prepared the proposal from the [municipality's] plans and specifications and has checked the same in detail before submitting the proposal or bid to the municipality."[3]

---

[3] WISCONSIN STAT. § 66.0901(7) provides, in pertinent part:

BIDDER'S CERTIFICATE. When bidding on a public contract, the bidder shall incorporate and make a part of the bidder's proposal

¶ 9.    The parties agree that WIS. STAT. § 66.0901(7) applies to Andrews Construction's bid proposal. And Andrews does not challenge the Town's reliance on *Bechthold v. City of Wauwatosa*, 228 Wis. 544, 560, 280 N.W. 320 (1938) (on rehearing), for the proposition that the Town had no power to enter into a contract with Andrews unless Andrews' bid proposal complied with § 66.0901(7). *See Bechthold*, 228 Wis. at 562 ("[A] municipality has no power to make contracts for public improvements unless it proceeds in the manner prescribed by law, and . . . a contract entered into without complying with the charter provisions is void."). Thus, if Andrews' bid proposal did not comply with § 66.0901(7), the contract between the Town and Andrews is void.

¶ 10.    Andrews Construction admits that it did not submit a bidder's certificate, but relies on the doctrine of substantial compliance. Andrews argues that its bid proposal substantially complied with WIS. STAT. § 66.0901(7) because the contents of its proposal show that Andrews checked the specifications and carefully prepared its proposal to match them. Andrews argues that a review of the bid notice when compared with Andrews' bid proposal "does indicate that the signed bid does reflect the project's specifications as set forth in the bid notice." We reject Andrews' argument.

■

¶ 11.    The doctrine of substantial compliance "contemplates 'actual compliance in respect to the substance essential to every reasonable objective of the statute.' "

for doing any work or labor or furnishing any material in or about any public work or contract of the municipality a sworn statement by the bidder, or if not an individual by one authorized, that the bidder or authorized person has examined and carefully prepared the proposal from the plans and specifications and has checked the same in detail before submitting the proposal or bid to the municipality.

*Midwest Mut. Ins. Co. v. Nicolazzi*, 138 Wis. 2d 192, 200, 405 N.W.2d 732 (Ct. App. 1987) (citation omitted). Thus, the Andrews bid proposal complies with Wis. Stat. § 66.0901(7) only if it complies with the statute's objectives. It does not.

¶ 12.  Andrews did not submit any statement that arguably makes the assurances required by Wis. Stat. § 66.0901(7). For example, Andrews' bid proposal included no statement regarding its "checking" of plans and specifications. Thus, there was complete noncompliance with the statutory requirement that bids be accompanied by a bidder's certificate.

¶ 13.  Moreover, even if Andrews Construction's bid proposal perfectly tracked all bid specifications, the bidder's certificate statute requires more. That statute requires a statement with an assurance from an identifiable person that all "plans and specifications" were checked, and that the bid proposal was examined before the proposal was submitted. Wis. Stat. § 66.0901(7). This requirement helps "insure that the public receives the best work or supplies at the most reasonable price practicable." *Aqua-Tech, Inc. v. Como Lake Prot. & Rehab. Dist.*, 71 Wis. 2d 541, 550, 239 N.W.2d 25 (1976). It also reduces the possibility that a contract will be awarded to a contractor who later fails to perform or who seeks to renegotiate because he or she failed to take into account all "plans and specifications."

¶ 14.  Andrews Construction contends that its alleged substantial compliance is comparable to compliance found sufficient in *Luebke v. City of Watertown*, 230 Wis. 512, 284 N.W. 519 (1939). At issue in *Luebke* was whether a bid complied with the predecessor

94

bidder's certificate statute, WIS. STAT. § 66.29(7).[4] Simi lar to the current version, § 66.29(7) required "a sworn statement that [the bidder] has examined and carefully prepared his bid from the plans and specifications and has checked the same in detail before submitting said proposal." *See Luebke,* 230 Wis. at 518. The bidder in *Luebke* submitted a statement reciting that the bidder had "personally and carefully examined the plans, specifications and form of contract for the construction of [the] sewers [involved] . . . and . . . made such examination understandingly." *Id.* The *Luebke* court concluded that this statement substantially complied with the former bidder's certificate statute even though the statement did not expressly say that the bidder had "checked" the plans and specifications in detail and even though the statement was not sworn. *Id.*

¶ 15.  Regardless why the *Luebke* court considered the particular statement in that case to be in substantial compliance, here there was *no* compliance. Andrews Construction submitted no statement providing any of the assurances required by WIS. STAT. § 66.0901(7). Accordingly, the Andrews bid proposal did not comply with § 66.0901(7), and the Town had no authority to enter into a contract with Andrews based on that proposal. If there was a contract, it was void at its inception. *See Bechthold,* 228 Wis. at 562.

¶ 16.  In closing, we briefly address a dispute that was the focus of the parties' arguments before the circuit court and in their initial briefing in this court. The published bid notice for this road construction project did not include a requirement that bidders include "bid

---

[4] WISCONSIN STAT. § 66.29 was the previous incarnation of WIS. STAT. § 66.0901. *See* 1999 Wis. Act 150, §§ 328–334 (renumbering sections of § 66.29 as § 66.0901).

and performance bonds" with their bid proposal. A separate list of specifications did contain that requirement, and the parties disagree as to whether Andrews Construction's proposal needed to comply with this requirement. Among other arguments, Andrews Construction contends that it should not have been required to comply with the bonding requirement because, prior to submitting its bid proposal, the president of Andrews Construction telephoned the town board chairman and asked if there were specifications in addition to those listed in the published notice. Andrews asserts that it was told: "[N]o . . . just give us a bid."[5] We need not resolve this issue because, regardless whether Andrews' proposal was defective for want of bid and performance bonds, the proposal failed to comply with the bidder's certificate requirement in WIS. STAT. § 66.0901(7).

¶ 17.   Furthermore, to the extent Andrews Construction may be pointing to this conversation with the town board chairman as justification for not submitting a bidder's certificate, such an argument contains an unsupported assumption. That assumption is that bidders need not comply with WIS. STAT. § 66.0901(7) when municipal project specifications do not list compliance with the statute as a requirement. Because Andrews Construction does not acknowledge this necessary link, it does not present developed argument on the issue. We therefore do not address this argument further.[6]

---

[5] Although the parties tell us that this is a disputed fact, we recite it in the text as fact because, even assuming that Andrews Construction's version of this conversation is true, the summary judgment order dismissing Andrews Construction's claim was proper.

[6] Andrews Construction also argues that, after this project was re-bid, the winning bidder's submission did not contain a

*By the Court.*—Judgment affirmed.

bidder's certificate. Andrews points out that its competitors in the initial bidding process also did not submit bidder's certificates. However, the only question before this court is whether a contract was formed between Andrews and the Town of Levis. The validity of other contracts or transactions is not before this court.