2016 WI 34

# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP1213 |
| COMPLETE TITLE: | Cheryl M. Sorenson,<br>Plaintiff-Respondent-Petitioner,<br>v.<br>Richard A. Batchelder,<br>Defendant-Appellant,<br>United Healthcare Insurance Company,<br>Defendant. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
(No Cites)

| | |
|---|---|
| OPINION FILED: | May 12, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | January 20, 2016 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Milwaukee |
| JUDGE: | Michael Guolee |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | ABRAHAMSON, J., joined by BRADLEY, A. W., J. |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the For the plaintiff-respondent-petitioner there were briefs by *Timothy W. Schelwat, Jason F. Abraham* and *Hupy and Abraham, S.C.*, Milwaukee. Oral argument by *Jason F. Abraham.*


For the defendant-appellant, the cause was argued by *Jennifer L. Vandermeuse*, assistant attorney general, with whom on the brief was *Brad D. Schimel*, attorney general.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2014AP1213
(L.C. No. 2013CV5012)

STATE OF WISCONSIN          :       IN SUPREME COURT

**Cheryl M. Sorenson,**

      **Plaintiff-Respondent-Petitioner,**

  **v.**

**Richard A. Batchelder,**

      **Defendant-Appellant,**

**United Healthcare Insurance Company,**

      **Defendant.**

**FILED**

**MAY 12, 2016**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 PATIENCE DRAKE ROGGENSACK, C.J. We review an unpublished decision of the court of appeals,[1] which reversed an order of the Milwaukee County Circuit Court[2] denying defendant Richard A. Batchelder's (Batchelder) motion to dismiss for improper service of notice of claim.

---

[1] Sorenson v. Batchelder, No. 2014AP1213, unpublished slip op. (Wis. Ct. App. Apr. 7, 2015).

[2] The Honorable Michael D. Guolee of Milwaukee County presided.

¶2 After sustaining property damage and personal injury in a car accident occasioned by State employee Batchelder, Cheryl M. Sorenson (Sorenson) delivered notice of claim to the attorney general by personal service and subsequently instituted a negligence action against Batchelder. Batchelder moved to dismiss, arguing that Sorenson did not strictly comply with Wis. Stat. § 893.82 (2013-14),[3] which requires service of notice of claim on the attorney general by certified mail.

¶3 The central issue before us is whether Sorenson's personal service of notice of claim satisfies Wis. Stat. § 893.82 such that her claim against Batchelder may be continued. We conclude that personal service does not comply with the plain language of § 893.82(5) because it requires service of notice of claim on the attorney general by certified mail. As § 893.82(2m) mandates strict compliance with requirements of § 893.82 in order to institute an action against a state employee, and Sorenson's service failed to so comply, we affirm the dismissal of Sorenson's claim against Batchelder. Accordingly, we affirm the decision of the court of appeals.

I. BACKGROUND

¶4 On October 28, 2010, Batchelder was operating a motor vehicle in his capacity as an employee of the Wisconsin

---

[3] All further references to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated.

Department of Administration (DOA).[4] Batchelder's vehicle rear-ended the vehicle of a third party, causing that vehicle to rear-end Sorenson's vehicle. Sorenson alleges property damage, as well as personal injury, resulting from the accident.

¶5 On January 18, 2011, Sorenson served notice of claim on the attorney general by personal service at the attorney general's office in the capitol in Madison, Wisconsin. Personal service was accepted by a state employee, who acknowledged its receipt at the time of delivery. The notice of claim was then forwarded to the attorney general's Main Street office in Madison where it was processed and endorsed by another state employee on January 19, 2011; thereafter, it was returned to Sorenson's attorney's office.

¶6 On February 28, 2011, after investigating Sorenson's claim, the Bureau of State Risk Management issued a check to Sorenson in the amount of $241.45 as payment in full for the damage sustained by her vehicle as a result of the accident.[5] The Bureau of State Risk Management also issued a letter to Sorenson, stating that "[t]his payment does not represent an admission of any liability on the part of the state, or any of

---

[4] The record shows that Batchelder is an employee of the Wisconsin Department of Health Services. For purposes of the motion to dismiss, however, we assume Sorenson's facts to be true as alleged. State ex rel. Shroble v. Prusener, 185 Wis. 2d 102, 108, 517 N.W.2d 169 (1994).

[5] Sorenson had previously submitted a property damage estimate reflecting this amount to the State of Wisconsin's insurer.

3

its employees or agents, and is not a waiver of any defenses the state, or any of its employees or agents, may have."[6]

¶7 On May 28, 2013, Sorenson instituted a negligence action against Batchelder,[7] who filed a motion to dismiss due to improper service of notice of claim. Specifically, Batchelder argued that Sorenson did not satisfy Wis. Stat. § 893.82, which requires service by certified mail and, because Sorenson employed personal service, she did not strictly comply with the statute. The circuit court denied Batchelder's motion to dismiss, concluding that service was proper because the attorney general received notice of claim and, therefore, received all that was required.

¶8 The court of appeals reversed, concluding that the plain meaning of Wis. Stat. § 893.82(5) requires service by certified mail and that Sorenson failed to strictly comply with the statute by personally serving notice of claim.

¶9 We granted Sorenson's petition for review.

---

[6] In her brief, Sorenson fleetingly raises a waiver argument with no supporting law. Waiver was not mentioned in Sorenson's petition for review. Accordingly, we do not address it. Jankee v. Clark Cnty., 2000 WI 64, ¶7, 235 Wis. 2d 700, 612 N.W.2d 297 ("Generally, a petitioner cannot raise or argue issues not set forth in the petition for review unless this court orders otherwise.")

[7] Sorenson's suit also joined the Department of Administration (DOA) and Secretary of the DOA as defendants; however, the circuit court dismissed both of these additional defendants, and Sorenson has not appealed their dismissal.

## II. DISCUSSION

### A. Standard of Review

¶10 Batchelder's motion to dismiss requires us to interpret and apply Wis. Stat. § 893.82. Interpretation and application of a statute present questions of law that we review independently, while benefitting from the analyses of the circuit court and court of appeals. Pool v. City of Sheboygan, 2007 WI 38, ¶9, 300 Wis. 2d 74, 729 N.W.2d 415.

### B. General Principles of Statutory Interpretation

¶11 "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoting Seider v. O'Connell, 2000 WI 76, ¶43, 236 Wis. 2d 211, 612 N.W.2d 659). Plain meaning may be ascertained not only from the words employed in the statute, but also from the context.[8] Id., ¶46. We interpret statutory language in the context in which those words are used; "not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." Id. Statutory history aids in a plain

---

[8] "[S]cope, context, and purpose are perfectly relevant to a plain-meaning interpretation of an unambiguous statute as long as the scope, context, and purpose are ascertainable from the text and structure of the statute itself." State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶48, 271 Wis. 2d 633, 681 N.W.2d 110.

meaning analysis. <u>Adams v. Northland Equip. Co.</u>, 2014 WI 79, ¶30, 356 Wis. 2d 529, 850 N.W.2d 272.

¶12  "If the words chosen for the statute exhibit a 'plain, clear statutory meaning,' without ambiguity, the statute is applied according to the plain meaning of the statutory terms." <u>State v. Grunke</u>, 2008 WI 82, ¶22, 311 Wis. 2d 439, 752 N.W.2d 769 (quoting <u>Kalal</u>, 271 Wis. 2d 633, ¶46).  However, where the statute is "capable of being understood by reasonably well-informed persons in two or more senses[,]" then the statute is ambiguous. <u>Kalal</u>, 271 Wis. 2d 633, ¶47.  Where the language is ambiguous, we may then consult extrinsic sources, such as legislative history. <u>Id.</u>, ¶50.  "While extrinsic sources are usually not consulted if the statutory language bears a plain meaning, we nevertheless may consult extrinsic sources 'to confirm or verify a plain-meaning interpretation.'" <u>Grunke</u>, 311 Wis. 2d 439, ¶22 (quoting <u>Kalal</u>, 271 Wis. 2d 633, ¶51).

¶13 Ultimately, we bear in mind that "[s]tatutory interpretation involves the ascertainment of meaning, not a search for ambiguity." <u>Kalal</u>, 271 Wis. 2d 633, ¶47 (internal quotation marks omitted) (quoting <u>Bruno v. Milwaukee Cnty.</u>, 2003 WI 28, ¶25, 260 Wis. 2d 633, 660 N.W.2d 656).  With these general principles in mind, we turn to our review of Wis. Stat. § 893.82.

## C.  Wis. Stat. § 893.82

¶14 Wisconsin Stat. §893.82 applies to claims brought against state employees.  Section 893.82(2m) provides that "[n]o claimant may bring an action against a state officer, employee

or agent unless the claimant complies strictly with the requirements of this section."

¶15 With regard to notice, Wis. Stat. § 893.82(3) provides, in relevant part, that:

> [N]o civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties . . . unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim . . . .

¶16 With regard to service of notice of claim, Wis. Stat. § 893.82(5) requires that "[t]he notice under sub. (3) shall be sworn to by the claimant and shall be served upon the attorney general at his or her office in the capitol by certified mail. Notice shall be considered to be given upon mailing for the purpose of computing the time of giving notice."

¶17 Finally, Wis. Stat. § 893.82(1) provides that the purposes of the section are to:

> (a) Provide the attorney general with adequate time to investigate claims which might result in judgments to be paid by the state.
>
> (b) Provide the attorney general with an opportunity to effect a compromise without a civil action or civil proceeding.
>
> (c) Place a limit on the amounts recoverable in civil actions or civil proceedings against any state officer, employee or agent.

7

¶18 Having set forth the text of the statutory provisions at issue, we now turn to the parties' arguments with respect to Wis. Stat. § 893.82.

### D.  Parties' Positions

¶19 The parties do not dispute that the plain language of Wis. Stat. § 893.82(5) requires that notice of claim be served by certified mail.  There is likewise no dispute that the plain language of § 893.82(2m) requires strict compliance with the statute in order to bring a subsequent action against a state employee.

¶20 The dispute between the parties arises out of their disagreement about what constitutes strict compliance with the certified mail requirement.  Batchelder argues that strict compliance with Wis. Stat. § 893.82 cannot be accomplished without serving notice of claim by certified mail as the words of § 893.82(5) provide.  According to Batchelder, Sorenson's personal service is not service by certified mail and, as such, she failed to strictly comply with § 893.82(5), which required dismissal of her claim.

¶21 Sorenson argues that, although the words of the statute direct strict compliance, literal compliance with the words of the statute is not required.  Rather, according to Sorenson, her delivery of the notice of claim to the attorney general by personal service fulfilled the purpose of Wis. Stat. § 893.82 and provided the attorney general with actual notice of her claim more effectively than delivery by certified mail. Sorenson also argues that her personal service should be held to

8

satisfy the statute because to hold otherwise would lead to an absurd result; namely, the dismissal of her otherwise viable claim in spite of her fulfillment of the statutory purpose. We will address these arguments in turn.

### E. Interpretation and Application of Wis. Stat. § 893.82

#### 1. Literal compliance

¶22 As set forth above, the plain language of Wis. Stat. § 893.82(5) requires service of notice of claim on the attorney general by certified mail, and § 893.82(2m) requires strict compliance with provisions of § 893.82. Contrary to Sorenson's argument that strict compliance does not require literally complying with the words of the statute, it has been repeatedly stated that requirements of § 893.82 are not general guidelines but, rather, a claimant must strictly comply with the words in the statute in order to proceed with his or her claim. Kellner v. Christian, 197 Wis. 2d 183, 195, 539 N.W.2d 685 (1995) (concluding that a claimant "must adhere to each and every requirement in the statute"); Modica v. Verhulst, 195 Wis. 2d 633, 641-42, 536 N.W.2d 466 (Ct. App. 1995) (explaining that strict compliance with § 893.82 is required; substantial compliance is insufficient).

¶23 Moreover, Wisconsin courts have equated strict compliance with literal adherence to the words used in the statute. Force v. Am. Family Mut. Ins. Co., 2014 WI 82, ¶14, 356 Wis. 2d 582, 850 N.W.2d 866 (comparing a "strict literal interpretation" with statutory interpretation that furthers legislative purposes); Kalal, 271 Wis. 2d 633, ¶56 (equating

9

"strict" with "literal" statutory interpretation); <u>Bar Code Res. v. Ameritech Info. Sys., Inc.</u>, 229 Wis. 2d 287, 291, 294, 599 N.W.2d 872 (Ct. App. 1999) (explaining that Wisconsin service statutes are "literally read and strictly applied"); <u>see also</u> Barbara J. Van Arsdale, Certificate of Acknowledgement, 1 Am. Jur. 2d Acknowledgments § 29 (database updated Feb. 2016) (equating strict compliance with literal compliance and distinguishing substantial compliance).

¶24 Therefore, we enforce literal compliance with the plain language of Wis. Stat. § 893.82(5) unless such enforcement would lead to an absurd result. <u>Hines v. Resnick</u>, 2011 WI App 163, ¶16, 338 Wis. 2d 190, 807 N.W.2d 687. It necessarily follows that, in order to strictly comply as § 893.82(2m) requires, a claimant must literally follow the words of the statute. This requires a claimant to serve notice of claim on the attorney general by certified mail pursuant to the plain language of § 893.82(5). <u>Kelly v. Reyes</u>, 168 Wis. 2d 743, 747, 484 N.W.2d 388 (Ct. App. 1992) (holding that service by regular mail did not strictly comply with the certified mail requirement even though the attorney general received actual notice). Sorenson's choice of personal service is simply not service by

certified mail.[9]  Consequently, we conclude that Sorenson did not strictly comply with § 893.82(5).

2.  Fulfilling statutory purposes (substantial compliance)

¶25  Sorenson next contends that, without serving notice of claim by certified mail, she strictly complied with the statute because she fulfilled its stated purposes, and the attorney general received actual notice of her claim.  Sorenson contends that she met the purposes set forth in Wis. Stat. § 893.82(1), which are to "[p]rovide the attorney general with adequate time to investigate claims . . .[,] [p]rovide the attorney general with an opportunity to effect a compromise without a civil action . . .[,] [and] [p]lace a limit on the amounts recoverable in civil actions."

¶26 Sorenson emphasizes that, through personal service, notice of claim was processed by the attorney general's office in the same manner in which it would have been processed if notice of claim had been delivered by certified mail.  Namely, although notice of claim was personally served at the attorney general's capitol office, it ultimately was received at the attorney general's Main Street office, acknowledged, and returned to counsel, indicating that notice of claim had been

---

[9] Black's Law Dictionary defines certified mail as "[m]ail for which the sender requests proof of delivery in the form of a receipt signed by the addressee.  The receipt . . . must be signed before the mail will be delivered."  Black's Law Dictionary, 1038 (9th ed. 2009).  Personal service, on the other hand, is defined as "[a]ctual delivery of the notice or process to the person to whom it is directed."  Id. at 1259.

11

received by the attorney general. Therefore, according to Sorenson, the statute's purposes were fulfilled by personal service of notice of claim because the attorney general received the required notice and took action with respect to her claim. We are not persuaded.

¶27 Sorenson appears to argue that she strictly complied with Wis. Stat. § 893.82 by substantially complying with it. As set forth above, strict compliance requires exactly following the words of the statute. Kellner, 197 Wis. 2d at 194-95. Substantial compliance, on the other hand, provides that statutory directives may be met where the purpose underlying the statute has been fulfilled notwithstanding the words chosen by the legislature. Andrews Constr., Inc. v. Town of Levis, 2006 WI App 180, ¶11, 296 Wis. 2d 89, 722 N.W.2d 389 (explaining that "substantial compliance contemplates actual compliance in respect to the substance essential to every reasonable objective of the statute." (internal quotation marks omitted) (quoting Midwest Mut. Ins. Co. v. Nicolazzi, 138 Wis. 2d 192, 200, 405 N.W.2d 732 (Ct. App. 1987))). Stated otherwise, in the context of a notice statute such as Wis. Stat. § 893.82, where the underlying purpose is to effect notice, a claimant may be able to substantially comply by effecting actual notice to the respondent. See Kellner, 197 Wis. 2d at 195-96 (examining the distinction between substantial compliance and strict compliance by comparing § 893.80 and § 893.82 (citing Figgs v. City of Milwaukee, 121 Wis. 2d 44, 53, 357 N.W.2d 548 (1984))).

12

¶28 While we do not dispute that the attorney general received actual notice through Sorenson's personal service, it is well established that Wis. Stat. § 893.82 is not simply an actual notice statute. Id. It is not enough to substantially comply with the statute by effecting actual notice, thereby fulfilling the underlying purposes of § 893.82(1). Simply stated, Sorenson cannot strictly comply with the plain language of § 893.82(5) by substantially fulfilling the purposes of § 893.82 because the legislature has chosen not to permit substantial compliance by requiring strict compliance with the terms of the statute. Wis. Stat. § 893.82(2m).

¶29 To aid in our plain meaning analysis, we briefly examine statutory history. A prior version of Wis. Stat. § 893.82 provided "[t]he provisions of this section shall be liberally construed to effectuate [its] intent." § 893.82(1)(b) (1989-90).[10] Because the intent of the notice of claim statute is to give notice to the attorney general, and the legislature mandated liberal construction, substantial compliance with § 893.82 previously was sufficient to institute a claim against a state employee. Daily v. Univ. of Wis., Whitewater, 145 Wis. 2d 756, 761, 429 Wis. 2d 83 (Ct. App. 1988), superseded by statute as stated in Modica, 195 Wis. 2d at 641.

¶30 However, Wis. Stat. § 893.82 subsequently was amended to its current form that directs strict compliance with the

---

[10] 1983 Wis. Act. 27, § 1782.

terms of the statute.[11]  Wis. Stat. § 893.82(2m).  In Modica, the court of appeals concluded that with this amendment, the legislature intended to "negat[e] [the] ruling in Daily that substantial compliance with § 893.82(3) was sufficient." Modica, 195 Wis. 2d at 641-42.  Accordingly, strict compliance through certified mail is required, as § 893.82(2m) plainly states.  See id. at 642.

¶31 Moreover, we note that strict adherence to the certified mail requirement promotes a "simple, orderly, and uniform way of conducting legal business."  Kellner, 197 Wis. 2d at 195 (citing Kelly, 168 Wis. 2d at 747).  Furthermore, if we were to allow substantial compliance rather than enforcing strict compliance as mandated by Wis. Stat. § 893.82(2m), the certainty created by the requirement of certified mail would be undercut by costly case-by-case determinations of whether notice of claim was timely sent and received and whether the lack of procedural compliance affected the purposes of the notice statute.  Kelly, 168 Wis. 2d at 747.

¶32 Although the attorney general received actual notice here, such a determination may not be so easily made in the next case.  Condoning a deviation from the certified mail requirement could therefore encourage "[a] new level of litigation [to] be added to suits against state employees."  Id.  In light of this reality, Wis. Stat. § 893.82(5) must be strictly enforced even

---

[11] 1991 Wis. Act 39, § 3579.

though enforcement produces harsh consequences that are of concern to us. <u>J.F. Ahern Co. v. Wis. State Bldg. Comm'n</u>, 114 Wis. 2d 69, 83, 336 N.W.2d 679 (Ct. App. 1983).

### 3. Stricter compliance

¶33 Sorenson also argues that she satisfied the strict compliance requirement of Wis. Stat. § 893.82(2m) because personal service constitutes "stricter compliance," or more effective service, than certified mail. Sorenson relies on <u>Patterson v. Bd. of Regents of the Univ. of Wis. Sys.</u>, 103 Wis. 2d 358, 360-61, 309 N.W.2d 3 (Ct. App. 1981), for the proposition that "stricter compliance than the statute demands is not necessarily a failure to strictly comply."

¶34 In <u>Patterson</u>, the court of appeals examined an entirely different statutory scheme, Wis. Stat. § 227.16(1)(a) (1979-80), which at that time required that service be accomplished either by personal service or certified mail.[12] <u>Id.</u> at 359. Rather than complying with the statute, the claimant served by registered mail. <u>Id.</u> Although the court of appeals noted that strict compliance with ch. 227 procedures is required, it held that registered mail constituted a "form of certified mail" as the only difference between the two is that registered mail requires a receipt of delivery, whereas certified mail gives the option of a delivery receipt to the sender. <u>Id.</u> at 360-61. Because service by registered mail and

---

[12] Wisconsin Stat. § 227.16(1)(a) (1979-80) was renumbered to Wis. Stat. § 227.53(1)(a). 1985 Wis. Act 182.

certified mail are identical as far as the recipient is concerned, the court of appeals held that registered mail may be substituted for certified mail under § 227.16(1)(a) (1979-80). Id. at 361.

¶35 A federal court extended the Patterson decision to hold that personal service constitutes "stricter compliance" with the requirements of Wis. Stat. § 893.82 than does service by certified mail. Weis v. Bd. of Regents of the Univ. of Wis. Sys., 837 F. Supp. 2d 971, 979 (E.D. Wis. 2011). Relying on Patterson, the federal court stated that the "use of personal service fulfills the purpose behind the certified mail requirement in the notice of claim statute, and the [defendants] have failed to explain how the service effected in this case differs, other than in name, from the form of service specified in the statute." Id. We are not persuaded by the federal court decision; its reliance on Patterson is misplaced.

¶36 In addition to the stated purposes under Wis. Stat. § 893.82(1), we note that there is a "more specific purpose of the certified mailing requirement in Wis. Stat. § 893.82(5)[, which] is to 'allow[] the attorney general's office to easily identify mail whose contents are legal in nature and require immediate attention.'" Hines, 338 Wis. 2d 190, ¶26 (second alteration in original) (quoting Kelly, 168 Wis. 2d at 748).

¶37 Of course, Sorenson's chosen method of service did not permit use of the procedure for receiving notices of claim developed by the attorney general because the notice of claim did not arrive by mail at all. See id., ¶9 (explaining attorney

16

general's procedure for receiving notices of claim by certified mail at Post Office Box, which are then forwarded to the Main Street office). Rather, Sorenson's notice of claim arrived at the capitol office by personal service and had to be forwarded to the Main Street office. Therefore, unlike the situation in Patterson, personal service on the attorney general is not identical to service by certified mail to the attorney general and did not fulfill the foregoing objective of the statute. Moreover, unlike registered mail, personal service is not simply a "stricter form of certified mail" because it is an entirely different mode of service. Patterson, 103 Wis. 2d at 360.

¶38 Furthermore, holding that personal service constitutes "stricter compliance" than service by certified mail would require us to override the statute's plain language when the legislature has so clearly chosen the mode of service necessary to satisfy Wis. Stat. § 893.82(5). We decline to do so. As the court of appeals properly noted, there are numerous statutes under which the legislature has chosen to include both certified mail and personal service as acceptable modes of service. Sorenson v. Batchelder, No. 2014AP1213 at 4, unpublished slip op. (Wis. Ct. App. Apr. 7, 2015). See, e.g., Wis. Stat. § 32.05(4); Wis. Stat. § 48.978(2)(c)2.; Wis. Stat. § 66.0217(4)(b); Wis. Stat. § 109.09(2)(b)2.; Wis. Stat. § 196.135(3); Wis. Stat. § 707.38(4)(b); Wis. Stat. § 766.588(4)(b); and Wis. Stat. § 895.07(1)(j).

¶39 Furthermore, where the legislature decides personal service is sufficient, the legislature is clearly capable of

enacting a statute to reflect that choice. State v. Hemp, 2014 WI 129, ¶31, 359 Wis. 2d 320, 856 N.W.2d 811 (explaining that we do not read language into the statute that the legislature omitted). Consequently, we decline to override the plain meaning of the statute and the choice of the legislature by declaring that personal service is more effective than service by certified mail. Braverman v. Columbia Hosp., Inc., 2001 WI App 106, ¶24, 244 Wis. 2d 98, 629 N.W.2d 66 ("[O]ur role is not to justify the legislative action or to substitute our judgment for that of the legislature."). Accordingly, we conclude that Sorenson's personal service does not constitute service pursuant to the plain meaning of Wis. Stat. § 893.82(5).

### 4. Absurd result

¶40 Finally, Sorenson argues that dismissing her otherwise viable claim would constitute an absurd result since she fulfilled the purposes of Wis. Stat. § 893.82 by effecting notice on the attorney general. As set forth above, the plain language of § 893.82(2m) requires claimants to strictly comply with the certified mail requirement of § 893.82(5), and Sorenson failed to so comply. We must require strict compliance. Hines, 338 Wis. 2d 190, ¶16 (enforcing strict compliance unless strict compliance is impossible). Strict compliance was not impossible for Sorenson to accomplish.

¶41 However, we recognize that "[o]ne of the few exceptions to this sound principle is that [we] will seek to avoid a truly absurd or unreasonable result." State v. Hamilton, 2003 WI 50, ¶39, 261 Wis. 2d 458, 661 N.W.2d 832. We

18

previously have recognized that an absurd result may arise where "an interpretation would render the relevant statute contextually inconsistent or would be contrary to the clearly stated purpose of the statute." Grunke, 311 Wis. 2d 439, ¶31 (footnotes omitted).

¶42 Requiring notice of claim to be served by certified mail as plainly stated in Wis. Stat. § 893.82(5) does not bring about an absurd result. First, Sorenson points to no internal inconsistencies created by the plain meaning of the statute, and we perceive none. Moreover, enforcing the plain language of § 893.82(5) is not contrary to its stated purposes. Rather, service by certified mail is wholly consistent with the purposes of the statute; namely, to effect service and to "[p]rovide the attorney general with adequate time to investigate claims . . .[,] [p]rovide the attorney general with an opportunity to effect a compromise without a civil action . . .[,] [and] [p]lace a limit on the amounts recoverable in civil actions." Wis. Stat. § 893.82(1).

¶43 Simply because another mode of service seemingly would fulfill these stated purposes does not give rise to an absurd result. The legislature specifically chose the acceptable mode of service, Wis. Stat. § 893.82(5), and we may not second guess its choice. State ex rel. Associated Indem. Corp. v. Mortensen, 224 Wis. 398, 401, 272 N.W. 457 (1937) (explaining that we are not justified in rewriting the statute to "substitut[e] the judgment of the court for that of the legislature as to what is sound or absurd"); see also Hallstrom v. Tillamook Cnty. 493

19

U.S. 20, 27 (1989) (explaining that federal service statutes require strict, literal compliance, and the Court is "not at liberty to create an exception where Congress has declined to do so").

¶44  Sorenson easily could have served notice of claim on the attorney general by certified mail.  See Hines, 338 Wis. 2d 190, ¶16 (holding that enforcing strict compliance where strict compliance is impossible would lead to an absurd result). Accordingly, we must enforce the statute as written, which dictates the dismissal of Sorenson's claim.  Hamilton, 261 Wis. 2d 458, ¶45 ("We exceed our authority when we ignore the clear language of a statute and attempt to surgically reconstruct the statute to accommodate alternative public policies.").

¶45  Although the result in this case is harsh, and we are sympathetic to Sorenson's unfortunate situation, her remedy simply does not lie with us.  See Mannino v. Davenport, 99 Wis. 2d 602, 615, 299 N.W.2d 823 (1981) (enforcing strict compliance because we are not free to ignore the import of a statute's plain meaning even where we do not "enthusiastically endorse the result" that enforcement causes); see also Hallstrom, 493 U.S. at 21 (acknowledging harsh result, but refusing to excuse failure to strictly comply with federal statutory service requirements on unfairness grounds because lawsuits are conducted by trained lawyers).  Rather, Sorenson's remedy lies with the legislature.  See Hamilton, 261 Wis. 2d

458, ¶49 (calling on legislature to adjust statutory scheme if so desired); Mannino, 99 Wis. 2d at 615-16 (same).

### III. CONCLUSION

¶46 In light of the foregoing, we conclude that delivering notice by personal service does not comply with the plain language of Wis. Stat. § 893.82(5), which requires service of notice of claim on the attorney general by certified mail. As § 893.82(2m) mandates strict compliance with requirements of § 893.82 in order to institute an action against a state employee, and Sorenson's service failed to so comply, we affirm the dismissal of Sorenson's claim against Batchelder.

*By the Court.*—The decision of the court of appeals is affirmed.

21

¶47 SHIRLEY S. ABRAHAMSON, J. *(dissenting).* Wisconsin Stat. § 893.82 requires an individual, prior to filing suit against a "state officer, employee or agent," to serve a "notice of claim"[1] on the attorney general in his office in the Capitol by certified mail. See Wis. Stat. §§ 893.82(2m), (3), (5) (2013-14).[2]

¶48 No one can literally (or "strictly," see Wis. Stat. § 893.82(2m)) comply with the statute. The attorney general no longer receives certified mail in his office in the Capitol.[3] The majority is not perturbed. See majority op., ¶37. The majority does not require strict compliance with this aspect of the statute. Rather the majority adjusts its reading of the statute to fit the facts and to make practical sense.

¶49 The majority does not, however, adjust its reading of the statute to allow notice of a claim to be delivered by a person in a sheriff's uniform or other process server's uniform rather than by a person in a United States postal uniform. The majority opinion implicitly concludes that the uniform of the

---

[1] An example of a notice of claim is available on the Department of Justice's website at https://www.doj.state.wi.us/sites/default/files/dls/notice-of-injury-and-claim-form.pdf.

[2] All subsequent references to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated.

[3] Hines v. Resnick, 2011 WI App 163, ¶14, 338 Wis. 2d 190, 807 N.W.2d 687 ("[T]he undisputed facts in this case establish that service by certified mail to the attorney general's capitol office never occurs, and cannot occur, regardless of how a claimant addresses a notice, or what physical location the claimant has in mind as its destination.").

1

person delivering a notice of claim is key to whether the notice was validly served. If a notice of claim is not sent by certified mail, and thus delivered by someone in a U.S. postal uniform, the majority opinion concludes the notice was improperly served, and the claimant's case should be dismissed.

¶50 The record demonstrates that Sorenson's notice of claim, although served by a process server, was processed at the attorney general's office by the same individuals in the same manner as notices of claim served by certified mail.

¶51 I agree with the concerns of Judge Posner, who recently decried dismissal of a litigant's viable claim based on counsel's harmless procedural gaffe. The concerns he expressed are pragmatic, but rest on the principles of fairness and justice upon which our legal system is based. These concerns should guide the court in the present case. Judge Posner wrote:

> I find myself increasingly uncomfortable with basing dismissals with prejudice on harmless procedural bobbles. The only argument in favor of such summary justice that I can imagine is that by punishing parties for their lawyers' mistake we improve the quality of the bar; the lawyers who disserve their clients attract fewer new clients and eventually perhaps are forced to leave the practice——an example of the positive effect of competition on the quality of goods and service that a market provides. But while this is plausible in theory, I have to say that in more than 33 years as a federal court of appeals judge I have not noted any improvement in the average quality of the lawyers who appear before us. I find it difficult to believe that punishing [the plaintiff] and his lawyer by in effect a "fine" of $925,000 will

promote the quality of legal representation in the courts of this circuit.[4]

¶52 I disagree with the majority's conclusion that personal service in the instant case does not comply with the statutory service requirement and that only service by certified U.S. mail counts.

¶53 I write separately to make two points:

(1) A court scrutinizes the text of a statute in view of the purposes of the statute. "Words are given meaning to avoid absurd, unreasonable, or implausible results and results that are clearly at odds with the legislature's purpose." Force ex rel. Welcenbach v. Am. Family Mut. Ins. Co., 2014 WI 82, ¶30, 356 Wis. 2d 582, 850 N.W.2d 866. Personal service fulfills the express purposes of the notice of claim requirement.

(2) Personal service is a stricter form of service than certified mail, and "stricter compliance than the statute demands is not necessarily a failure to strictly comply." See Patterson v. Bd. of Regents, 103 Wis. 2d 358, 361, 309 N.W.2d 3 (Ct. App. 1981); Weis v. Bd. of Regents, 837 F. Supp. 2d 971, 979 (E.D. Wis. 2011).

¶54 Because, in my opinion, personal service fulfills the purposes of Wis. Stat. § 893.82 and is a stricter form of

---

[4] See Reserve Hotels PTY Ltd. v. Mavrakis, 790 F.3d 738, 745 (7th Cir. 2015) (Posner, J., dissenting).

service than certified mail, interpreting Wis. Stat. § 893.82(2m) to bar an action against a state officer, employee, or agent simply because the notice of claim was served personally by a process server rather than by a U.S. postal worker delivering certified mail would lead to the absurd result of dismissing an otherwise viable claim for a "harmless procedural bobble[]."[5]

¶55 As a result, I dissent and write separately.

I

¶56 I begin with the text of Wis. Stat. § 893.82, which states (in relevant part and with emphasis added) the purposes of the section and the requirements the legislature has set forth:

(1) The purposes of this section are to:

    (a) Provide the attorney general with adequate time to investigate claims which might result in judgments to be paid by the state.

    (b) Provide the attorney general with an opportunity to effect a compromise without a civil action or civil proceeding.

    . . . .

(2m) No claimant may bring an action against a state officer, employee or agent unless the claimant complies strictly with the requirements of this section.

(3) Except as provided in sub. (5m), no civil action or civil proceeding may be brought against any state officer, employee or agent for or on

---

[5] See Reserve Hotels, 790 F.3d at 745 (Posner, J., dissenting).

account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties, . . . unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved. . . .

.  .  .  .

(5)  The notice under sub. (3) shall be sworn to by the claimant and shall be served upon the attorney general at his or her office in the capitol by certified mail. Notice shall be considered to be given upon mailing for the purpose of computing the time of giving notice.

¶57  As Wis. Stat. § 893.82(1) explains, the purpose of requiring a claimant to serve a notice of claim on the attorney general is twofold: (1) to provide the attorney general with notice of claims against the state and time to investigate; and (2) to provide the attorney general time to reach a settlement prior to litigation.

¶58  In Wis. Stat. § 893.82(5), the legislature specified a method of service for notices of claim: certified mail. Certified mail is "[m]ail for which the sender requests proof of delivery in the form of a receipt signed by the addressee." Black's Law Dictionary 1096 (10th ed. 2014).

¶59  The court of appeals has articulated a twofold purpose for requiring service on the attorney general by certified mail: (1) to "allow[] the attorney general's office to easily identify mail whose contents are legal in nature and require immediate

5

attention"; and (2) to ensure that delivery of the notice of claim can be verified. See Kelly v. Reyes, 168 Wis. 2d 743, 747-48, 484 N.W.2d 388 (Ct. App. 1992); Patterson v. Bd. of Regents, 103 Wis. 2d 358, 360, 309 N.W.2d 3 (Ct. App. 1981).

¶60 Personal service (by a process server) of a notice of claim serves both the express statutory purposes for notice of claim contained in Wis. Stat. § 893.82(1) and the purposes of requiring notices of claim be served on the attorney general by certified mail identified in the case law.

¶61 A personally served notice of claim, like a notice of claim served by certified mail, informs the attorney general of claims against the state and gives him or her an opportunity to reach a settlement prior to litigation. Moreover, personal service (by a process server) of a notice of claim, even more than service by a U.S. postal worker by certified mail, clearly identifies the notice as legal in nature and provides an easily verifiable means of confirming that the notice was actually served and when it was served.

¶62 In sum, there is no reason "why signing a receipt for an envelope delivered by a U.S. Postal employee is different from signing an acknowledgement of receipt on a copy of a notice of claim delivered by a deputy sheriff or other process server." Weis v. Bd. of Regents, 837 F. Supp. 2d 971, 979 (E.D. Wis. 2011).[6]

---

[6] The Weis court wrote that the State defendant argued

that 'the certified mail requirement facilitates the identification of that particular type of legal

(continued)

6

¶63 The dismissal of an otherwise viable claim should not depend on whether notice of that claim was delivered by someone in a sheriff's uniform rather than a U.S. postal uniform. To hold otherwise, as the majority opinion does, is to elevate form over substance and countenance an absurd result——dismissal of a viable claim based on a harmless procedural gaffe. See Hamilton v. Hamilton, 2003 WI 50, ¶39, 261 Wis. 2d 458, 661 N.W.2d 832 ("[A] court will seek to avoid a truly absurd or unreasonable result.") (citations omitted).

## II

¶64 The absurdity of dismissing Sorenson's otherwise viable claims based on personal service of the notice of claim by a process server rather than service by a U.S. postal worker by certified mail is underscored by the fact that personal service is, in fact, a stricter form of service than certified mail.

¶65 In dismissing Sorenson's otherwise viable claims, the majority opinion relies on the requirement in Wis. Stat. § 893.82(2m) that a claimant "compl[y] strictly with the requirements of [Wis. Stat. § 893.82]." See majority op., ¶24.

---

filing' . . . but offer no explanation why signing a receipt for an envelope delivered by a U.S. Postal employee is different from signing an acknowledgment of receipt on a copy of a notice of claim delivered by a deputy sheriff or other process server. Seeing no difference between the two, I conclude that Plaintiffs strictly complied with the notice of claim statute.

Weis v. Bd. of Regents, 837 F. Supp. 2d 971, 979 (E.D. Wis. 2011).

¶66 In an analogous context——the statute required service by registered mail and service was by certified mail——the court of appeals noted that "[a]lthough we agree that strict compliance . . . is required . . . we conclude that a stricter compliance than the statute demands [here, by certified mail] is not necessarily a failure to strictly comply. Such a reading would lead to an absurd and unjust result, and we reject such a construction." Patterson, 103 Wis. 2d at 360-61.

¶67 Relying on Patterson's observation that stricter compliance is not necessarily a failure to strictly comply, the federal district court in Weis v. Board of Regents, 837 F. Supp. 2d 971 (E.D. Wis. 2011), rejected the same argument the State makes in the instant case.

¶68 In Weis, the plaintiffs personally served notice of claim on the attorney general. Weis, 837 F. Supp. 2d at 979. The defendants in Weis argued that because notice of claim was not served by certified mail, the plaintiffs' claims should be dismissed. Weis, 837 F. Supp. 2d at 979.

¶69 Noting that the plaintiffs' notice of claim was received and acknowledged by the attorney general, the Weis court concluded there was no meaningful difference between service by certified mail and service by process server. Weis, 837 F. Supp. 2d at 979. As a result, the federal district court held that the plaintiffs strictly complied with Wis. Stat. § 893.82. Weis, 837 F. Supp. 2d at 979-80.

¶70 The reasoning in Patterson and Weis is, in my opinion, more persuasive than that of the majority opinion. Service of

8

process by a sheriff or process server is reliable, verifiable, and almost universally accepted. "Certainly, the gold standard of notice is service of process by the sheriff or other process server . . . ." Schlereth v. Hardy, 280 S.W.3d 47, 52 n.4 (Mo. 2009) (en banc). For this reason, Wis. Stat. § 801.11(3) requires personal service on the State to be made by delivering a copy of the summons and complaint to the attorney general or leaving them at the attorney general's office in the Capitol with an assistant or clerk.

¶71 If service of a notice of claim by certified mail strictly complies with Wis. Stat. § 893.82, then the "gold standard" of service——personal service by a sheriff or process server——complies even more strictly.

¶72 In sum, because personal service fulfills the purposes of Wis. Stat. § 893.82 and is a stricter form of service than certified mail, interpreting Wis. Stat. § 893.82(2m) to bar an action against a state officer, employee, or agent simply because notice of claim was served by a process server rather than by a U.S. postal worker via certified mail would lead to an absurd result: dismissing an otherwise viable claim for a "harmless procedural bobble[]." Reserve Hotels, 790 F.3d at 745 (Posner, J., dissenting).

¶73 For the reasons set forth, I dissent and write separately.

¶74 I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.

9