PATIENCE DRAKE ROGGENSACK, C.J.
0concurring).
f 73. I agree with the lead opinion that the *94 Milewskis are entitled to a hearing to contest their tax assessment, and therefore I concur in the mandate. I write separately because I conclude that the Milewskis are statutorily entitled to a hearing even though they did not permit a tax assessor to enter the interior of their home. Therefore, because I would not address the constitutional issues discussed by the lead opinion, I do not join the lead opinion, but respectfully concur.
I. BACKGROUND
¶ 74. The lead opinion ably sets forth relevant facts, and therefore I relay only those facts that are helpful to understanding my discussion that follows.
¶ 75. The Milewskis received a written notice that a tax assessor, Gardiner, would visit their home to view their property.[1] When Gardiner arrived, Ms. MacDonald permitted Gardiner to view the exterior of their home. She offered to let Gardiner through a gate and into their yard so that he could view the entire exterior of their home. Gardiner declined this invitation and left the property.
¶ 76. Gardiner valued the Milewskis' property significantly higher than it previously had been valued. Mr. Milewski appeared at the Town of Dover Board of Review (board of review) to object to the valuation of their property. The board of review denied Mr. Milewski the opportunity to appear because he had not permitted the assessor to view the interior of his home.
¶ 77. The Milewskis paid their taxes for 2013 and sought review of their tax assessment in circuit court under Wis. Stat. § 74.37. The Town of Dover *95 Board of Review and Gardiner moved for summary judgment. They contended that the Milewskis lost their right to contest the valuation of their property before the board of review, and, as a corollary, the right to challenge their tax assessment as excessive in circuit court.
¶ 78. The Milewskis moved for partial summary judgment and argued, in part, that they were entitled to a hearing to object to their tax assessment because Wis. Stat. § 70.47(7)(aa) is satisfied by a taxpayer who permits an exterior view of his property, and the Milewskis permitted such a view.
¶ 79. The circuit court granted summary judgment in favor of the Town of Dover and Gardiner, and the court of appeals affirmed. We granted the Milews-kis' petition for review. I would reverse the court of appeals and remand to the circuit court for a hearing on the Milewskis' excessive tax assessment claim.
II. DISCUSSION
A. Standard of Review
¶ 80. The present case requires the court to interpret and apply the statutory provisions that govern the valuation of real property and the ability of a taxpayer to contest a tax assessment. "Interpretation and application of a statute present questions of law that we review independently, while benefitting from the analyses of the circuit court and court of appeals." Sorenson v. Batchelder, 2016 WI 34, ¶ 10, 368 Wis. 2d 140, 885 N.W.2d 362 (citing Pool v. City of Sheboygan, 2007 WI 38, ¶ 9, 300 Wis. 2d 74, 729 N.W.2d 415).
B. Statutory Interpretation
f 81. "[Statutory interpretation 'begins with the language of the statute. If the meaning of the statute is *96 plain, we ordinarily stop the inquiry.' " State ex rel. Kalal v. Circuit Court for Dane Cty., 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoting Seider v. O'Connell, 2000 WI 76, ¶ 43, 236 Wis. 2d 211, 612 N.W.2d 659). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." Id., ¶ 45 (citing Bruno v. Milwaukee Cty., 2003 WI 28, ¶¶ 8, 20, 260 Wis. 2d 633, 660 N.W.2d 656).
¶ 82. These principles guide our interpretation of the three pertinent statutes in this case: Wis. Stat. § 70.32(1); Wis. Stat. § 70.47(7)(aa); and Wis. Stat. § 74.37. The circuit court and the court of appeals concluded that these provisions prevent the Milewskis from contesting the valuation of their home and the validity of their tax assessment.
¶ 83. Wisconsin Stat. § 70.32(1) describes the way in which an assessor is required to value real property. It provides, "Real property shall be valued by the assessor in the manner specified in the Wisconsin property assessment manual provided under s. 73.03(2a) from actual view or from the best information that the assessor can practicably obtain, at the full value which could ordinarily be obtained therefor at private sale." Wis. Stat. § 70.32(1). Therefore, there are two permissible ways in which an assessor may value real property: (1) through an actual view of the property; or (2) based on the best information available to the assessor. Of course, an assessor may rely on the best information available because an actual view of a property is not always feasible. See generally Boorman v. Juneau Cty., 76 Wis. 550, 45 N.W. 675, 676 (1890) ("We cannot hold that the mere failure of the assessor to value the lands from actual view invalidated the assessment.").
*97 ¶ 84. A taxpayer who is dissatisfied with the value accorded his real property is allowed to contest the valuation before a board of review. Wis. Stat. § 70.47. Section 70.47(7) outlines the process a taxpayer must follow to receive a hearing before a board of review. § 70.47(a) ("Objections to the amount or valuation of property shall first be made in writing and filed with the clerk of the board of review within the first 2 hours of the board's first scheduled meeting . ...").
¶ 85. A hearing before a board of review allows a taxpayer to object to the valuation of his property; however, a taxpayer also has the option of claiming his tax assessment is excessive. Specifically, a taxpayer may pay the taxes that were imposed and sue for a refund in circuit court. Wis. Stat. § 74.37(1) ("In this section, a 'claim for an excessive assessment' or an 'action for an excessive assessment' means a claim or action, respectively, by an aggrieved person to recover that amount of general property tax imposed because the assessment of property was excessive.").
¶ 86. Under Wis. Stat. § 70.47, a taxpayer is required to satisfy certain procedural requirements before he may obtain a hearing to object to the valuation of his property. And, a taxpayer who is procedurally barred from challenging the valuation of his property before a board of review is also precluded from seeking review of his tax assessment in circuit court. Wis. Stat. § 74.37(4)(a) ("No claim or action for an excessive assessment may be brought under this section unless the procedures for objecting to assessments under s. 70.47, except under s. 70.47(13), have been complied with.").
¶ 87. Wisconsin Stat. § 70.47(7) explains the ways in which an individual can lose the right to object to a tax assessment. For example, a taxpayer who refuses the request of an assessor to view his property *98 is prevented from contesting the valuation of his property before a board of review and is likewise barred from challenging his tax assessment as excessive in circuit court. Wis. Stat. § 70.47(7)(aa). Therefore, if an assessor requests to "view" the taxpayer's real property, and the owner of the property refuses this request, the owner is prevented from taking any measure to challenge his tax assessment. Specifically, § 70.47(7)(aa) provides,
No person shall be allowed to appear before the board of review, to testify to the board by telephone or to contest the amount of any assessment of real or personal property if the person has refused a reasonable written request by certified mail of the assessor to view such property.
Under this provision, an assessor may request the opportunity to view a taxpayer's property, but the assessor is not obligated to specify those parts of the property the assessor wishes to view. Accordingly, a "view" may include only the exterior, only the interior or both.
¶ 88. Although this provision requires an individual to permit an assessor to "view" his property, nothing in Wis. Stat. § 70.47(7)(aa) requires that a taxpayer permit an assessor to view the interior of his home. See State v. Pratt, 36 Wis. 2d 312, 317, 153 N.W.2d 18 (1967) ("In construing or 'interpreting' a statute the court is not at liberty to disregard the plain, clear words of the statute."). Rather, § 70.47(7)(aa) provides that an assessor must be given the opportunity to "view such property." And, the phrase "view such property" is not defined so as to require an interior view of the structures on the property in order for a view of the property to have occurred.
*99 ¶ 89. "View" or "viewing" is defined as "[t]o look at, examine, or inspect" or alternatively as "[a]n examination using the eyes; a look." View, The American Heritage Dictionary, 1931 (5th ed. 2011). An assessor may examine a taxpayer's property without entering the interior of his home. Therefore, an examination of a property for purposes of valuing said property does not necessarily require an assessor to view the interior of any structures located on the parcel of real property.
¶ 90. The legislature could have used the word "enter" instead of "view," which may have suggested that interior access to any structures on the property is required. See Kalal, 271 Wis. 2d 633, ¶ 44 ("We assume that the legislature's intent is expressed in the statutory language."). It did not. But the legislature has used the word "enter" in other contexts involving the assessment of property. Wis. Stat. § 70.05(4m). "When the legislature chooses to use two different words, we generally consider each separately and presume that different words have different meanings." Augsburger v. Homestead Mut. Ins. Co., 2014 WI 133, ¶ 17, 359 Wis. 2d 385, 856 N.W.2d 874 (internal quotations omitted).
f 91. Importantly, nowhere else in the statutory scheme does it mandate an interior view of a taxpayer's property. And, this interpretation of Wis. Stat. § 70.47(7)(aa) does not prevent an assessor from correctly assessing the value of the home under Wis. Stat. § 70.32 or the Wisconsin Property Assessment Manual. If a taxpayer allows for an exterior view of the home, then that is "the best information that the assessor can practicably obtain." § 70.32.
f 92. Moreover, interpreting "view such property" under Wis. Stat. § 70.47(7)(aa) to be satisfied by an exterior view of the property avoids the possibility *100 that the statutory scheme would operate to infringe the due process rights of a taxpayer by denying the taxpayer the opportunity to be heard.
¶ 93. The lead opinion's due process analysis is predicated on the presumption that Wis. Stat. § 70.47(7)(aa) precludes the right to be heard for a taxpayer who denies an assessor a view of any part of his home. However, we generally avoid interpreting a statute in a way that would cause constitutional problems. See Blake v. Jossart, 2016 WI 57, ¶ 27, 370 Wis. 2d 1, 884 N.W.2d 484 ("We presume that statutes are constitutional and if any doubt exists about the statute's constitutionality, the court must resolve that doubt in favor of upholding the statute." (internal citations omitted)).
¶ 94. Even if the plain language of the statute could be read to require interior access to a taxpayer's property, interpreting the statute such that it is satisfied by an exterior view preserves its constitutionality. See Milwaukee Branch of NAACP v. Walker, 2014 WI 98, ¶ 63, 357 Wis. 2d 469, 851 N.W.2d 262. "If a saving construction . . . preserves the constitutionality of the statute, we will employ it." Id. "We do so in order to avoid a constitutional conflict." Id., ¶ 64. "Stated otherwise, when we determine that there is a statutory flaw that may have constitutional significance, we ascertain whether the government rule or statute can be interpreted in a manner that will avoid a constitutional conflict." Id. As discussed above, it is possible to interpret the statute such that an exterior view of a taxpayer's property is sufficient. This interpretation allows a taxpayer a hearing to contest his tax assessment if he permits an exterior view of his property, thereby rendering the statutory scheme constitutional. Accordingly, this court should interpret Wis. Stat. *101 § 70.47(7)(aa) such that an exterior view of the property is sufficient in order to "save" the constitutionality of the statutory scheme.
f 95. Consequently, I would interpret Wis. Stat. § 70.47(7)(aa) consistent with a taxpayer's due process right to be heard. The interpretation accords a taxpayer who permits an exterior view of his property a hearing under § 70.47(7)(aa) and also the right to maintain a refund action under Wis. Stat. § 74.37.
f 96. However, a taxpayer who provides only an external view of his property is not entitled to produce evidence of the interior condition of his home at a hearing before the board of review or in a claim for excessive assessment before a circuit court. During those proceedings, the taxpayer may cross-examine the individual who valued his property to determine if the assessor came to a reasonable conclusion as to its value.[2] Through this process, a taxpayer will be able to determine if the assessor relied on the best information available to assess his property, as required under Wis. Stat. § 70.32(1). Additionally, a taxpayer may introduce other evidence unrelated to the interior condition of the property to show his tax assessment was unjust or unreasonable.
C. Milewskis[1] Tax Assessment
¶ 97. In the present case, the Milewskis satisfied the conditions of Wis. Stat. § 70.47(7)(aa), and there *102 fore they are entitled to challenge their tax assessment as excessive under Wis. Stat. § 74.37. When the assessor, Gardiner, arrived at their home, Ms. MacDonald offered to provide the inspector with an exterior view of their home. She offered to open the gate to their yard and let him view the entirety of the exterior. As a result, she offered to let Gardiner "view" the property, which is all that § 70.47(7)(aa) requires in order for a taxpayer to obtain a hearing before a board of review. It is of no consequence that Gardiner declined the Milewskis' invitation to examine the exterior of their home.
f 98. Therefore, the Milewskis satisfied the conditions necessary to be able to challenge their taxes as excessive in circuit court under Wis. Stat. § 74.37. I would remand to the circuit court for a hearing on this claim. However, during the hearing, the Milewskis are not entitled to present evidence as to the condition of the interior of their home. Instead, they may examine Gardiner in order to determine the validity and soundness of the methodology upon which he based the valuation of their property. Additionally, they may introduce other evidence of the value of their property as appropriate.
III. CONCLUSION
¶ 99. In light of the foregoing, I conclude that the Milewskis are statutorily entitled to a hearing even though they did not permit a tax assessor to enter the interior of their home. Therefore, because I would not address the constitutional issues discussed by the lead opinion, I do not join the lead opinion, but respectfully concur.

 Assessors, or an authorized representative of the assessor, are required to attend such a hearing. See Wis. Stat. § 70.48 ("The assessor or the assessor's authorized representative shall attend without order or subpoena all hearings before the board of review and under oath submit to examination and fully disclose to the board such information as the assessor may have touching the assessment and any other matters pertinent to the inquiry being made.").

 For example, the lead opinion pulls language from Frost & Frost Trucking Co. v. Railroad Commission of California, 271 U.S. 583, 592-93 (1926). That case was an unconstitutional conditions case, but it involved a "gratuitous governmental benefit." Koontz v. St. Johns River Water Mgmt. Dist., 570 U.S._, 133 S. Ct. 2586, 2596 (2013).